THE PEOPLE ex rel. CHARLES A. HAMMOND, Respondents, v. CHARLES LEONARD, as Overseer, etc., Appellant.

A mandamus will not be awarded to compel an act by a public officer in respect to which he may exercise judgment or discretion.

Upon application for a mandamus to compel defendant to prosecute to judgment an action commenced by him as overseer of the poor of the city of S. against one H., for penalties for non-observance of the provision of the act of 1857 (§ 9, chap. 628, Laws of 1857) requiring inn-keepers to put up proper signs, the moving affidavits alleged the commencement of the action; that H. failed to put in an answer within twenty days; and that defendant neglected to proceed to judgment. The answering affidavit stated that a large number of cases, including the one in question, were prosecuted at the request of the relator; that upon investigation by the city authorities doubts were expressed whether they could be sustained, and a stipulation was made with the defendants not to enter judgments without notice and an opportunity to answer, with a view of compromising; that the violations were technical and trivial, and the prosecution

might result in casting upon the city a large amount of costs. *Held,* that a mandamus was properly denied: 1st. Because it did not appear but that defendant had properly conducted the action. 2d. Because its prosecution involved the exercise of judgment and discretion with which the court will not interfere by mandamus.

As to whether, even if bad faith on the part of the defendant had been shown, mandamus would be a proper remedy, *quære.*

(Argued September 17, 1878; decided September 24, 1878.)

Appeal from order of the General Term of the Supreme Court, in the fourth judicial department, reversing an order of Special Term which denied a motion for a mandamus, and directing a peremptory writ to issue requiring defendant, as overseer of the poor of the city of Syracuse, to proceed forthwith and prosecute to judgment an action commenced by him as such overseer against one John Hopkins, to recover penalties for alleged violation of the provision of the statute (§ 9, chap. 628, Laws of 1857) requiring innkeepers to put up signs, etc.

The facts appear sufficiently in the opinion.

*Wm. C. Ruger,* for appellant. Where a duty is required to be performed by a public officer, the performance of which involves the exercise of a judicial discretion on his part, a mandamus will not lie. (*People* v. *Super. Albany,* 12 John., 415; *Marbury* v. *Madison,* 1 Cr., 137; *Kendall* v. *U. S.,* 12 Pet., 526; *Decatur* v. *Paulding,* 14 id., 497; *Brasher* v. *Mason,* 6 How. [U. S.], 92; *U. S.* v. *Guthrie,* 17 id., 284; *U. S.* v. *Seaman,* 17 id., 225; *Reeside* v. *Walker,* 11 id., 262; *Board, etc.,* v. *McCourt,* 2 Otto, 541; *Gainer* v. *Thompson,* 7 Wall., 347; *Com. of Patents* v. *Whitely,* 4 id., 522; *Litchfield* v. *Register,* 9 id., 575; *People* v. *Att'y-General,* 22 Barb., 144; *People ex rel. Demarest* v. *Fairchild,* 61 N. Y., 334; *People* v. *Inspectors State Prisons,* 4 Mich., 187; *People* v. *Comrs. of Excise Saratoga Co.,* 7 Abb. Pr., 34; *People* v. *Superior Ct. N. Y.,* 5 Wend., 122; *Ex parte Persons,* 1 Hill, 655; *John Giles' Case,* 2 Strange., 881; *People* v. *Judges Dutches, C. P.,* 20 Wend., 658.) As another complete and conven-

ient remedy existed mandamus would not lie. (*Ex parte Lynch*, 2 Hill, 45; *People* v. *Wood*, 35 Barb., 653; *People* v. *Suprs. Chenango Co.*, 11 N. Y., 563; *Rex* v. *Bishop of Chester*, 1 T. R., 404; *Rex* v. *Margate Pier*, 3 B. & Ald., 223; *Rex* v. *Jeyes*, 3 Adol. & El., 416; *Rex* v. *Bristow*, 6 T. R., 168; *Ex parte Downton*, 8 E. & B., 855; *Comrs. of Highways* v. *People*, 73 Ill., 103; *People* v. *Norton*, 7 Barb., 477.)

*C. A. Hammond*, for respondents. Relator had a right as a citizen to ask for and obtain the mandamus. (1 How., 186; 1 Den., 618; 19 Wend., 56; 37 N. Y., 344, 348; 56 id., 252; 11 Hun, 306.)

CHURCH, Ch. J. The statute directs overseers of the poor, when satisfactory evidence is furnished to commence suits for certain penalties "and prosecute the same diligently to effect," and the General Term reversing the order of the Special Term, ordered a peremptory mandamus requiring the defendant to prosecute to judgment an action commenced by him against one Hopkins for penalties for a violation of section *nine* of the act of 1857, chapter 628. That section requires every inn, hotel, or tavern-keeper, licensed under the act "to put up a proper sign on or adjacent to the front of his house, with his name thereon, indicating that he keeps an inn, tavern, or hotel," etc., and for every month's neglect to do so, imposes a fine of ten dollars. While a mandamus is an appropriate remedy to enforce the performance of a ministerial duty, it is well settled that it will not be awarded to compel an act in respect to which the officer may exercise judgment or discretion. (*U. S. ex rel.* v. *Guthrie*, 17 How. [U. S.], 284; *Bd. of Liquidation* v. *McComb*, 2 Otto, 541; *Pattison* v. *Richards*, 22 Barb., 144; *People ex rel.* v. *Fairchild*, 67 N. Y., 334.)

It is not claimed that the defendant refused to prosecute the action against Hopkins. The moving affidavit at most establishes a *prima facie* case of neglect to prosecute with

diligence. It states that Hopkins failed to put in an answer within twenty days, and that several Special Terms have elapsed without any proceeding on the part of the defendant to take judgment. The answering affidavit states facts which tend to qualify the charge of negligence. It states that a large number of these cases including that against Hopkins, were prosecuted at the request of the relator, that upon an investigation by the city authorities, doubts were entertained whether they could be sustained, that a stipulation was made with defendants not to enter judgment without notifying them and giving them an opportunity to put in answers with a view of compromising them, that the violations were technical and trivial, and that a prosecution of the actions would or might result in casting upon the city, a large amount of costs. Neither party has seen fit to state the particular facts in Hopkins' case. It does not appear whether the alleged violation of the statute was for omitting to put up any sign at all, or for not putting it adjacent to the front of the house, or that the sign itself was not in accordance with the statute. For aught that appears the action may depend upon a question of fact in respect to one or more of these particulars, or upon a legal question upon a state of facts not disclosed. It appears from the affidavits that the defendant entertains doubts about succeeding in this and other like actions, and he entered into the stipulation referred to. I am unable to see how any court can intelligently determine that the defendant is not prosecuting the action with proper diligence, and it would be an extraordinary exercise of power to compel a party by mandamus to violate a stipulation. The prosecution of an action necessarily involves more or less discretion. The time when it can, and when it is desirable to try it, the usual courtesies in practice are matters necessarily referred to the judgment and discretion of the parties. There may be cases also where a public officer suing for penalties, may and ought to discontinue the actions, or in case of a doubtful result to compromise them. The diligence required by the statute does not mean a reckless prosecution regardless of

consequences. The best diligence may be exercised in making haste slowly. The penalties for which the defendant is liable may not amount to enough to carry costs. If so the defendant would not be justified in prosecuting the action in the Supreme Court. It is not conclusive that the defendant swore to the complaint. He may then have believed that it was true, but if upon investigation he became satisfied that it was not, he should act according to the real facts.

To entitle a party to a mandamus he must make a clear case, and I do not think such a case has been made for two reasons. First. It does not appear but that the defendant has properly conducted the action under the circumstances. The facts are not disclosed, and every presumption should be indulged in favor of the acts of public officers. Second. The prosecution of the action involves the exercise of judgment and discretion with which the court will not interfere by mandamus. It is not a case of refusal to act at all. Delay is alleged, and this is explained by the defendant.

Bad faith on the part of the defendant has not been shown, and the presumption is in favor of good faith, but if it had been shown, it is doubtful at least whether this is the proper remedy. (*People ex rel.* v. *Fairchild,* 67 N. Y., 334.) I lay out of view as immaterial the allegations as to the relator's conduct in other cases.

The order of the General Term should be reversed, and that of the Special Term affirmed, costs to neither party.

All concur, except MILLER and EARL, JJ., absent.

Ordered accordingly.