PEOPLE EX REL. HENRY YATES v. ATTORNEY GENERAL.

PEOPLE EX REL. ROBERT COOK v. ATTORNEY GENERAL.

*Attorney General's discretion in filing informations.*

The Attorney General has the same discretion in cases on relation as in other cases, under the law requiring him to file informations in the nature of *quo warranto* where he has good reason to believe they can be established. Comp. L., § 7085.

The Supreme Court will not review the discretion of the Attorney General in refusing to file an information in the nature of *quo warranto,* where it is not clearly abused, and where the proceeding could not benefit the relator.

MANDAMUS to compel the Attorney General to file an information in the nature of *quo warranto* against a railway corporation. Submitted Oct. 21. Denied Oct. 22.

*Alfred Russell* for the relators.

Attorney General *Otto Kirchner* for the respondent.

PER CURIAM. One of these relators holds bonds against the Detroit & Milwaukee Railway Co., and the other an unsatisfied judgment against the Detroit & Milwaukee Railroad Company, a second corporation succeeding to the first. A foreclosure having been had in chancery upon mortgages made by both of these companies, one of which secured the bonds in question, (neither of these relators being personally parties or in any way represented in the purchase at the chancery sale), an arrangement was made between the Great Western Railway of Canada and certain of the bondholders for bidding off the mortgaged property, including the road and lands and equipment and all the franchises connected with its management, and putting the concern into the hands of a purchasing committee who were to procure a new incorporation, which claimed the entire property and

franchises of the old company. This new company is known as the Detroit, Grand Haven & Milwaukee Railroad Co.

Relators now ask a mandamus against the Attorney General who has declined to file an information in the nature of a *quo warranto* to inquire by what right this new corporation assumes to exercise the franchises of the old one. Security has been tendered to him.

The statute in question authorizing informations to be filed on leave of this court in such cases contains the following provision, supposed to warrant the. present application: "And it shall be the duty of the Attorney General, whenever he shall have good reason to believe that the same can be established by proof, to file such information in every case of public interest; and also, in every other case in which satisfactory security shall be given to indemnify the people of this State against all costs and expenses to be incurred thereby."

The Attorney General is said to insist that he has a discretion not to file informations on application of a relator unless he has reason to believe that a case can be made out, nor even then unless the proceedings can benefit the relator in a legal point of view.

We think the same discretion applies to cases on relation as to other cases under this section, and that the fact which he relies on that a Legislative committee reported in favor of the regularity of the corporation would bear sufficiently upon the question of usurpation of these franchises,—which under the statutes are very closely connected with the new incorporation,—as to negative any idea that he had at all exceeded a proper discretion. Whether we could interfere in any case with it or not, we cannot unless clearly abused, which is not the case here.

But we do not see in what way relators can be forwarded in any way in the enforcement of their rights by this proceeding. If the corporation has obtained prop-

erty subject to or in fraud of their rights, they have other remedies which lie on their own behalf. Whatever judgment might be rendered on this information it would not put them any nearer a result in their own controversy.

On both of these grounds, therefore, we must deny the motion.