[Decided November 21, 1889.]

## *RICHARD EVERDING v. HENRY E. McGINN, DISTRICT ATTORNEY.

23    15
f39   381

1. STATUTE OF ANOTHER STATE ADOPTED HERE—JUDICIAL CONSTRUCTION.— In adopting the statute of another state, we adopt along with it the judicial construction which it had received in the former state prior to its adoption here. *Crawford* v. *Roberts,* 8 Or. 324; *McIntyre* v. *Kamm,* 12 Or. 253, and *Trabant* v. *Rummell,* 14 Or. 17 (12 Pac. Rep. 56), approved and followed.

2. DISTRICT ATTORNEY—DISCRETION WILL NOT BE CONTROLLED BY MANDAMUS.— Hill's Code, § 357, vests in each district attorney a discretion whether he will institute a prosecution under said section to try the title to an office, and mandamus will not lie to control such discretion.

3. PROCEEDING TO TRY TITLE TO OFFICE—PUBLIC PROSECUTION.—The proceedings authorized by Hill's Code, § 357, to try the title to an office is a public prosecution instituted and conducted by the public prosecutor under his official obligation and responsibility.

[*Syllabus by Strahan, J.*]

Multnomah County.     Defendant appeals.     Reversed.

*Not heretofore officially reported.

This is a proceeding in mandamus instituted by Richard Everding in the circuit court of Multnomah County to compel Henry E. McGinn, who is the district attorney of the fourth judicial district, to institute a proceeding to try the title of the office of police commissioner of the city of Portland, to which office the plaintiff claims to have been elected.

Upon the filing of the petition, the court allowed an alternative writ, to which writ the district attorney returned amongst other things, that upon application being made to him by the petitioner to prosecute an information in the nature of a *quo warranto* against Joseph Simon, the person alleged to have usurped and intruded into said office of police commissioner, he examined into the right and title of said petitioner to have and exercise said office, and the right and title of the said Joseph Simon to continue to hold and exercise said office, and from the examination so made by him he became convinced that petitioner Richard Everding had no claim of title to said office; that the term of office of said Joseph Simon, the present incumbent thereof, had not expired, and that he would continue to hold said office until the legislature of the state of Oregon would adopt some further legislation on the subject. The district attorney further claims in his answer that the prosecution of such a proceeding is a matter wholly within his discretion as district attorney, and that the exercise of such discretion ought not to be and could not be controlled by said circuit court. He further showed in his answer to the writ that he had offered to institute such proceeding as the petitioner desired on certain terms and conditions, which was declined by the petitioner. The particular terms and conditions are not necessary to be specified, for the reason they do not affect the question to be determined.

The plaintiff demurred to this return, which demurrer was sustained by the court and an order made directing

a peremptory writ to issue, from which judgment the district attorney appeals.

*C. H. Carey*, and *Alfred F. Sears Jr.*, for Appellant.

*Geo. H. Williams*, and *Edw. B. Watson*, for Respondent.

STRAHAN, J.—The first and material question presented by this record is, whether or not the district attorney may be compelled by writ of mandamus to institute and prosecute a proceeding to try the title to a public office; or, stating the question in a different form, is the power to institute such proceeding confided to the district attorney by the constitution and laws of this state, to be exercised in his discretion, when he shall determine that a case exists requiring the exercise of such power?

Hill's Code, § 357, provides: "An action at law may be maintained in the name of the state upon the information of the prosecuting attorney, or upon the relation of a private party against the person offending, in the following cases: (1) When one person shall usurp, intrude into, or unlawfully hold or exercise any public office, civil or military, or any franchise within this state, or any office in a corporation, either public or private, created or formed by or under the authority of this state; or (2) when any public officer, civil or military, has done or suffered any act which, by the provisions of law, makes a forfeiture of his office; or (3) when any association or number of persons act within this state as a corporation without being duly incorporated."

This section is copied almost literally from the revised statutes of the state of New York, published in 1859, p. 578, § 432. It therefore becomes necessary for us to inquire what construction this statute had received in the state of New York prior to its adoption here, for the reason that in adopting it we adopted along with it the judicial construction of that state whence it was taken, as understood at that time: *Crawford* v. *Roberts*, 8 Or. 324;

XXIII. OR.—2.

*McIntyre* v. *Kamm*, 12 Or. 253; *Trabant* v. *Rummell*, 14 Or. 17.

This precise question first came before the supreme court of New York in 1856, in the *People ex rel. Charles A. Peabody* v. *The Attorney-General*, 22 Barb. 114. It was a motion for a mandamus against the attorney-general requiring him to institute the necessary proceeding against Henry E. Davis to oust him from the office of justice of the supreme court, and that the relator might be adjudged to be entitled to said office; but the court held that under the provisions of the revised statutes and the code, it was for the attorney-general and not the supreme court to determine whether in any particular case it was proper that an action to try the right to an office should be brought or not, and that consequently a mandamus would not lie to compel the attorney-general to prosecute an action of that nature. In disposing of that case the court, after a very learned and exhaustive review of the authorities, said: "The language of the statute, too, is guarded. An action may be brought by the attorney-general. It is permissive. The power merely is conferred. It is for him to determine whether a fit case is presented. As to everything but the form, the proceeding stands as it did at common law. The usurpation of an office, though it frequently involves little else than private rights, is in the eye of the law a public offense. The only remedy is by an action in the name of the people. It is a public prosecution instituted and conducted by the public prosecutor under his official obligation and responsibility. It is not the province of the court to control his discretion, or to authorize a private prosecutor to assume his office, and in his name to wield the power of public prosecutor." And this decision has been followed in that state: *The People ex rel. Demarest* v. *Fairchild, Attorney-General*, 8 Hun, 334; *In re Gardner*, 68 N. Y. 467; *People* v. *Demarest*, 67 N. Y. 334.

The language of the Florida Code is in effect the

same as New York and Oregon, and it has received the same construction that has been given to the Code of New York: *Robinson* v. *Jones,* 14 Fla. 256. And in a case involving an analagous principle, this court has decided the same way: *State* v. *O. & C. Co.* 2 Or. 253; *State* v. *Douglas County Road Co.* 10 Or. 198. In the latter case, the action was brought under section 356 of Hill's Code, where leave of court must first be obtained for the purpose of annulling the existence of a private corporation; and the question arose as to the power of the court to control the district attorney in the conduct of said action after such leave had been obtained. The precise question involved was whether or not this court could so far control the district attorney as to prevent the dismissal of the appeal in this court in a case where it was claimed that private rights were involved, and where private counsel had been employed to assist the district attorney in the prosecution, and this court held it had no such power, saying by WALDO, J., "Our statute limits the power of the district attorney, acting *ex officio,* in requiring him to get leave; but where leave has been granted, the discretionary power of the court has been expended. The district attorney is the law officer of the state within the limits of his district, with the powers, in the absence of statutory regulation, of the attorney general at common law." These authorities are decisive of the question presented by this record.

Upon the argument here, distinguished counsel for the respondent, feeling the force of these authorities, urged that they did not state the correct rule of law and that the court ought to disregard them. This we have no power to do. We cannot make law, no difference how great the supposed hardship may be. We can only declare and administer it as we find it. Nor can we ignore the binding force of adjudged cases, unless we are prepared to demonstrate that they contain an erroneous exposition of the law; our own individual views nor the views of learned counsel are sufficient for that. On such

a subject other adjudged cases containing sounder expositions must be presented for our guidance. This has not been done. In fact no authorities whatever countervailing those already cited, or even stating a different principle, have rewarded the researches of the able counsel who represented the respondent in this court. Without expressing any opinion upon the ultimate right to the office, it is not amiss to say the very able argument of counsel indicates that the question in the present state of the law is involved in much doubt and uncertainty.

Let the judgment appealed from be reversed and the cause be remanded to the court below with directions to dismiss respondent's petition.