PEOPLE ex rel. KEENE v. BD. SUPERVISORS.  97

Hun.]          SECOND DEPARTMENT, JULY TERM, 1893.


THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROSWELL W. KEENE, Appellant, v. THE BOARD OF SUPERVISORS OF QUEENS COUNTY, Respondent, Impleaded with the BOARD OF SUPERVISORS OF KINGS COUNTY.

*Construction of bridges over streams on county lines — action of boards of supervisors — mandamus.*

Under the statutes of the State of New York (Chapter 320 of the Laws of 1880, amending subdivision 5 of section 1 of chapter 482 of the Laws of 1875) the duty of constructing bridges across streams which form the dividing line of counties is not imposed upon boards of supervisors as a positive obligation, but rests in the discretion of such boards, and such construction is dependent upon the authorization of the board of supervisors of each of the counties concerned.

The determination by a board of supervisors as to whether the construction of such a bridge shall be authorized involves the exercise of judgment and discretion, and a mandamus will not issue to compel the exercise of such discretion in a particular or specified manner.

*So held*, on an application to compel the boards of supervisors of Kings and Queens counties to construct a bridge over Newtown creek, in the manner specified in chapter 290 of the Laws of 1891, authorizing the construction of such bridge by the boards of supervisors of those counties, where the board of supervisors of Queens county had adopted a resolution for the construction of the bridge, conditioned upon the appropriation of an equal amount for its construction by Kings county, but no reciprocal resolution had been adopted by the board of supervisors of Kings county.

APPEAL by the relator, Roswell W. Keene, from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of Kings county on the 3d day of February, 1893, sustaining the demurrer of the defendant, the board of supervisors of Queens county, to the alternative writ of mandamus herein, and from a judgment entered in accordance with said order in the said clerk's office on the 21st day of February, 1893.

This was an application for a mandamus, to be directed to the respective boards of supervisors of Kings and Queens counties, "requiring them to construct, build, maintain and operate over and across Newtown creek, at Maspeth avenue, a bridge which shall be at least thirty feet wide, with a good and sufficient railing thereon, with a draw thereon of at least fifty feet wide, at a cost not exceed-

ing fifty thousand dollars, and to complete the same within one year and to divide the cost equally between the counties of Kings and Queens, to be apportioned between the towns and cities of each county as the respective boards of supervisors may determine."

Chapter 290 of the Laws of 1891 provides as follows: " The boards of supervisors of the counties of Kings and Queens are hereby authorized and empowered to construct and build over and across Newtown creek, at Maspeth avenue, a bridge which shall be at least thirty feet wide, with a good and sufficient railing thereon, with a draw thereon of at least fifty feet wide, at a cost not exceeding fifty thousand dollars, and to be completed within one year from the making of the contract for the construction of said bridge. The said sum of fifty thousand dollars to be equally divided between the counties of Kings and Queens, and to be apportioned between the towns and cities of each county as the respective boards of supervisors may determine."

*Roswell W. Keene*, relator, in person.

*Francis H. Van Vechten*, for the supervisors of Queens county.

DYKMAN, J.:

This is an appeal from a judgment and order sustaining a demurrer to the petition and alternative writ of mandamus.

The relator in the petition upon which the alternative writ of mandamus was granted, states that Newtown creek is a navigable stream of water forming the boundary lines of Kings and Queens counties, and that the tide waters of the Atlantic ocean flow in and out of the creek the whole length thereof, and a considerable commerce is carried on by vessels of various kinds.

He then alleges as a matter of law, that the boards of supervisors of Kings and Queens counties have jointly sole and exclusive jurisdiction over the construction, repair and maintenance of bridges for highways crossing Newtown creek.

He states that Maspeth avenue is a public highway, extending into the counties of Kings and Queens, and that a petition has been presented to the respective boards of supervisors of those counties, praying for the construction of the bridge over Newtown creek, at Maspeth avenue.

The enactment of the law by the State Legislature, authorizing

the construction of such bridge, and the fact that the board of supervisors of Queens county has adopted a resolution for the construction of such bridge, conditioned upon the appropriation of an equal amount by Kings county for such construction, and that the board of supervisors of Kings county has not adopted a reciprocal resolution.

The rule of the common law of England, which charged the duty of constructing and repairing bridges upon the counties, has never been adopted in this State. (*Hill* v. *Supervisors*, 12 N. Y. 52.)

Consonant with the history and traditions of this country, which have ever been in favor of the localization of power, our system of construction and reparation of both highways and bridges is based upon the primary responsibility of the towns in respect thereto.

Section 18 of article 3 of the Constitution of this State prohibits the Legislature from passing any local or private bill, "laying out, opening, altering, working or discontinuing roads or highways." But the Legislature may enact general laws conferring upon boards of supervisors powers of local legislation which are deemed expedient. Section 23 of article 3. Under this last provision of the Constitution, the Legislature may invest the boards of supervisors in this State with power to lay out and open highways. (*People ex rel. Morrill* v. *Supervisors*, 112 N. Y. 588.)

Chapter 320 of the Laws of 1880, which amended subdivision 5 of section 1 of chapter 482 of the Laws of 1875, which confers power upon the boards of supervisors to provide for the maintenance of bridges crossing streams which form the dividing line of counties, closes with this important proviso: " But no such bridge shall be constructed, unless the same is authorized by a resolution adopted by a majority of the board of supervisors in each of such counties."

Taken in its entire scope and meaning, this statute does not enjoin upon the boards of supervisors of the State the duty to construct bridges across streams which form the dividing line of counties as a positive obligation, but leaves the question open for the determination of such boards.

It, therefore, rests with such boards of supervisors to determine whether the construction of such a bridge shall be authorized, and such declaration involves the exercise of judgment and discretion.

The resolution of the board of supervisors of Queens county was

**100** PEOPLE ex rel. KEENE *v.* BD. SUPERVISORS.

SECOND DEPARTMENT, JULY TERM, 1893. [Vol. 71.

inoperative until the board of supervisors of Kings county appropriated an equal sum for the construction of the bridge, and as that never was done the resolution has no validity or force.

While there may be cases where a mandamus will issue to coerce the exercise of a discretionary power (*People ex rel. Osterhout* v. *Perry*, 13 Barb. 206), this is not such a case.

It is the office of a writ of mandamus in general to compel the performance of ministerial acts, and it will never be sent to compel an act by a public officer in respect to which he may exercise judgment and discretion. (*People ex rel. Hammond* v. *Leonard*, 74 N. Y. 443.)

Moreover, while it may go to compel the exercise of their discretion by subordinate bodies and tribunals, it never requires a decision in any specified manner. (*People ex rel. Francis* v. *Common Council*, 78 N. Y. 39.)

It is to be noticed in this case that the relator does not seek to compel the boards of supervisors to act in the exercise of the power conferred by the statute. He requires them to build and maintain the bridge in a specified manner, and such compulsion cannot, as we have seen, be executed by a mandamus.

It comes to this, therefore, at last. The statute enjoins no duty upon the boards of supervisors in relation to the bridge until a majority of the board in each of the counties adopts a resolution authorizing its construction.

The view we have taken renders it unnecessary to determine the effect of the failure to obtain the approval of the Secretary of War of the plan and location of the bridge.

Newtown creek, at the place where the bridge is desired, is a navigable stream of tide water and subject to the control of the United States in relation to its navigation.

By a law of Congress, the Secretary of War is clothed with power and authority to approve the plans of bridges over navigable waters of the United States, and by the same law it is rendered unlawful to commence the construction of any such bridge which shall impair navigation, commerce or anchorage, until the location and plan of such bridge shall be approved by the Secretary. A serious question will arise if the bridge is built without such approval, but as its decision here is unnecessary, we leave it undetermined.

The relator, therefore, failed to establish any right to the relief demanded, and the issuance of the writ was properly refused at the Special Term, and the order and judgment should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Order sustaining demurrer of defendant to alternative writ of mandamus and judgment thereon affirmed.