### J. B. Lewright v. C. K. Bell, Attorney-General.

Motion No. 874. Decided June 17, 1901.

**1. Mandamus—Attorney-General—Trusts—Suit to Forfeit Charter.**

Mandamus does not lie to compel the Attorney-General to institute proceedings to forfeit the charter of a private corporation on the ground that it has violated the statute against "trusts." (Pp. 556, 557.)

**2. Same—Official Discretion.**

Though the language of article 5315 of the Revised Statutes is imperative in its requirement that the Attorney-General institute suit in case of violation of the law against "trusts," it necessarily implies that he shall first examine into the facts and determine that there is reasonable ground to believe that the statute has been violated and also that the evidence necessary to a successful prosecution can be procured, and his discretion in so determining can not be controlled by mandamus. (P. 557.)

Motion for leave to file original petition for writ of mandamus against the Attorney-General.

J. B. Lewright, petitioner, pro se.—That the defendant herein has no discretion whatever touching the enforcement or nonenforcement of the Act of March 30, 1889, the facts being admitted as charged in the petition herein, is too plain to need argument in its support, it would seem. Sansom v. Mercer, 68 Texas, 488; Terrell v. Greene, 88 Texas, 539.

GAINES, Chief Justice.—This is a motion for leave to file a petition for a writ of mandamus to the Attorney-General of the State of Texas commanding him to institute a suit in the name of the State

to forfeit the charter of a certain private corporation, organized under the laws of the State and known as the Texas Brewing Company. The grounds alleged in the petition are that the brewing company has violated the statute of the State commonly known as the trust law and has thereby subjected its corporate existence to forfeiture, and that the Attorney-General has refused to bring suit to annul its charter.

We are clearly of opinion that a mandamus does not lie to compel the Attorney-General to bring suit in such a case. The courts can not, by the writ in question, compel an officer to perform an official duty where that duty involves a discretion on his part. It is true that the statute upon which the proceeding is based prescribes that "for a violation of any of" its provisions "by any corporation mentioned" therein, "it shall be the duty of the Attorney-General or district or county attorney, or either of them, upon his own motion, and without leave or order of any court or judge, to institute suit or quo warranto proceedings in Travis County, at Austin, or at the county seat of any county in the State, where such corporation exists, does business, or may have a domicile, for the forfeiture of its charter rights and franchise, and the dissolution of its corporate existence." Rev. Stats., art. 5315. This language is imperative, but it necessarily implies, that, before the officer shall act, he shall examine into the facts of the alleged offense and find not only that there is reasonable ground to believe that the statute has been violated, but also that the evidence necessary to a successful prosecution of the suit can be procured. It was not intended either to harass corporations with vexatious litigation or to involve the State in liabilities for the costs of profitless suits. Since the duty of the Attorney-General to institute suits in such cases requires an investigation of the case and a determination, first, of the fact that an offense has been committed, and, second, that there is a reasonable probability that it may be prosecuted to a successful issue, under the general principle applicable to the writ of mandamus, the courts can not control his judgment in the matter and determine his action. But upon the specific question, there is abundant authority in support of our views. Yates v. Attorney-General, 41 Mich., 728; Boyne v. Ryan, 100 Cal., 265; Everding v. McGinn, 23 Ore., 15; Thompson v. Watson, 48 Ohio St., 552; People v. Fairchild, 67 N. Y., 334, same case, 8 Hun, 334; People v. Attorney-General, 22 Barb., 114.

Being clearly of the opinion that the writ of mandamus which is sought in this proceeding can not be awarded, the motion to file the petition is overruled.

*Leave to file refused.*