[No. 10214.    Department Two.    April 8, 1912.]

THE STATE OF WASHINGTON, *on the Relation of Christian Rosbach, Plaintiff*; v. CHARLES A. PRATT *et al., as the Industrial Insurance Commission of Washington,* and W. V. TANNER, *as Attorney General, Respondents.*[1]

MANDAMUS—WHEN LIES—TO OFFICERS—CONTROLLING DISCRETION-ARY ACTION. Mandamus does not lie to compel the industrial insurance commission and the attorney general to commence actions to collect delinquent assessments due the commission under the industrial insurance act of 1911 (Laws 1911, p. 345), section 20 of the act merely providing that the attorney general shall be the legal adviser of the commission and shall represent it in all legal proceedings, and section 8, providing that delinquent assessments shall be collected by an action at law in the name of the state; since the commencement of such actions rest entirely within the discretion of the commissioners and attorney general and cannot be controlled by mandamus.

Application filed in the supreme court February 23, 1912, for a writ of mandamus to compel the industrial insurance commission and the attorney general to collect delinquent assessments. Denied.

*A. A. Hull* and *Reeves Aylmore, Jr.,* for relator.

*The Attorney General,* for respondents.

MORRIS, J.—This is an application for a writ of mandamus to issue to respondents, compelling the commencement of proceedings against the E. I. Dupont de Nemours Powder Company, to collect delinquent assessments due the commission under the industrial insurance act of 1911. It will not be necessary to state the facts set forth in the petition, as it is admitted that the powder company is delinquent in the payment of assessments, and has refused the demand

[1]Reported in 122 Pac. 987.

of the commission for payment, contending that the law is unconstitutional and no demand can be enforced against it.

Section 20 of the industrial insurance act (Laws 1911, p. 345, ch. 74), provides that:

"The attorney general shall be the legal adviser of the department, and shall represent it in all proceedings, whenever so requested by any of the commissioners."

Section 8 contains this provision:

"If any employer shall default in any payment to the accident fund hereinbefore in this act required, the sum due shall be collected by action at law in the name of the state as plaintiff, and such right of action shall be in addition to any other right of action or remedy."

In neither of these provisions, nor in any other in the act, can be found any requirement of absolute duty on the part of the commission or attorney general to bring actions against each and every delinquent employer who for any reason may refuse or neglect to pay his assessment when due. Authority to commence such actions is conferred, but not compelled, by these sections, and by virtue thereof it appears that a number of such actions are now pending, in which the constitutionality of the law has been attacked. The commencement of actions at law to enforce the payment of delinquent assessments, against whom and when they shall be brought, are matters resting wholly within the discretion of the commission and the attorney general, a discretion which cannot be controlled by mandamus. Such has ever been the ruling of the courts under statutes vesting the power to commence actions or institute proceedings on behalf of the state in the attorney general. *Boyne v. Ryan,* 100 Cal. 265, 34 Pac. 707; *People ex rel. Damron v. McCormick,* 106 Ill. 184; *Lewright v. Bell,* 94 Tex. 556, 63 S. W. 623; *Everding v. McGinn,* 23 Ore. 15, 35 Pac. 178; *Thompson v. Watson,* 48 Ohio St. 552; *Lamb v. Webb,* 151 Cal. 451, 91 Pac. 102, 646; *People ex rel. Demarest v. Fairchild,* 67 N. Y. 334; *People ex rel. Peabody v. Attorney General,* 22 Barb. 114.

The reasoning of these holdings is aptly expressed in *Boyne v. Ryan:*

"Moreover, a court will not do a vain or fruitless thing, or undertake by *mandamus* what cannot be accomplished. As was said by Chancellor Kent, *Trustees etc. v. Nicoll,* 3 Johns. 598: 'It has hitherto been considered as a settled principle that a court will not undertake to exercise power but when they exercise it to some purpose.' Now it is not contended that the language of section 8 goes any farther than to declare it to be the duty of the district attorney 'to institute suit.' But to compel a district attorney, against his will and contrary to his judgment, to merely *commence* an action would be an idle thing in the absence of power to compel him to prosecute it to final determination; and such power is not contended for by appellant. And, indeed, there could be no practicable exercise of such power. The court granting the writ of mandate could not follow the district attorney through the case, and see to it that he filed proper pleadings, offered sufficient evidence, made necessary objections to evidence offered by defendant, used proper arguments and authorities in discussing questions raised before the court or jury, and conducted the trial with reasonable care and diligence."

The writ is denied.

DUNBAR, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.