## STATE EX REL. WINSTON A. SCHMIDT v. G. A. YOUNGQUIST.[1]

November 15, 1929.

No. 27,639.

[1]Reported in 227 N. W. 891.

*George S. Grimes,* for appellant.

*G. A. Youngquist,* Attorney General, and *Chester S. Wilson,* Assistant Attorney General, for respondent.

WILSON, C. J.

Mandamus to compel the attorney general of the state to place two pending civil actions, wherein the state is plaintiff, upon the next general term calendar of the district court in the county wherein they are pending, and to try said causes at said next term of court.

In response to the alternative writ to show cause the respondent appeared and moved the court to quash the writ and dismiss the proceeding on the ground that the facts stated in the writ did not constitute a cause of action. The motion was denied, and respondent was directed to answer the writ, which he did.

Both parties moved for judgment upon the pleadings. Relator's motion was denied. Respondent's motion was granted. Judgment was entered covering the disposition of both motions. Relator appealed therefrom.

■ The answer contains new matter in defense. In a proceeding of this character there is no reply. The new matter in the answer stands as if denied. The writ, not the petition, constitutes the complaint.

■ Relator's motion presumed the truthfulness of the new matter in the answer. It is sufficient here to state in reference thereto that the facts pleaded in the answer, if true, were sufficient to justify the past and present delay. This called for a denial of relator's motion.

Respondent's motion could not find support in the new denied matter in the answer. This motion rested upon the writ alone. This motion presented the identical question as the motion to quash. Its disposition is controlled by the same record. In reviewing the order granting this motion we must confine our attention to the allegations of the writ.

■ The claim is that two actions were commenced by the state against the Minnesota & Ontario Power Company, one in 1914 for $200,000 damages for the flooding of state lands caused by the company's dam in Rainy river, the other in 1917 for $50,000 damages for the flooding of other state lands caused by the company's dam at Kettle Falls; that the evidence is available to prove the allegations in the complaints in both actions; that if the trials are further postponed the evidence is liable to be lost and witnesses may die or move away; that the statute of limitations has run and loss would follow if the actions were dismissed for want of prosecution; that respondent and his predecessors in office have neglected and refused to prosecute said actions; and that relator's request of respondent to bring said cases on for trial has been refused.

The attorney general is a very important constitutional officer in the state. He is practically without legislative restriction. State ex rel. Young v. Robinson, 101 Minn. 277, 112 N. W. 269, 20 L.R.A.(N.S.) 1127; 6 C. J. p. 814, § 22, and p. 817, §§ 29, 30; People ex rel. Raster v. Healy, 230 Ill. 280, 82 N. E. 599, 15 L.R.A.(N.S.) 603, and note. He "shall appear for the state in all causes in the supreme and federal courts wherein the state is directly interested; also in all civil causes of like nature in the district courts whenever, in his opinion, the interests of the state require it." G. S. 1923 (1 Mason, 1927) § 109. In his opinion the interest of the state requires him to appear in the two actions mentioned in the writ. He is so appearing. The actions have been commenced. He may institute such actions as he deems necessary for the protection of the public rights. State ex rel. Young v. Robinson, 101 Minn. 277, 112 N. W. 269, 20 L.R.A.(N.S.) 1127. It is a legal presumption that he will do his duty. The two actions are in the same county. No one except the trial court wherein the actions are pending can command the respondent to try these cases at the same term or at the "next term" as the writ indicates. In short the respondent is one of the chief executive officers of the government. As such he has charge of the state's litigation and is its legal leader and adviser. The responsibility as to when a state case is to be tried is his.

Many things enter into consideration in deciding when actions of such character are to be tried. The question involves judgment and the exercise of discretion, which is in its nature a judicial act from which there is no appeal and concerning which the courts have no control by the extraordinary remedy of mandamus. State ex rel. Rosbach v. Pratt, 68 Wash. 157, 122 P. 987; 38 C. J. p. 673, § 220; People ex rel. Peabody v. Attorney General, 22 Barb. 115; Lewright v. Bell, 94 Tex. 556, 63 S. W. 623. The writ fails to state a cause of action. We need not here consider the fact that the courts have some, but limited, control of state executive officers. See 1 Dunnell, Minn. Dig. (2 ed.) § 1593.

■ There is another very good reason why relator cannot prevail. The purpose of a writ of mandamus is to compel the performance of an act which the law specifically enjoins. G. S. 1923 (2 Mason, 1927) § 9722. Upon the record before us the trying of a lawsuit by the attorney general at a particular term is not within its contemplation. The writ lies only to compel the performance of a duty which the law clearly and positively requires. State ex rel. Phillips v. Neisen, 173 Minn. 350, 217 N. W. 371.

■ The record discloses a settled case, which is unnecessary in order to review an order granting or denying a motion for judgment on the pleadings. 1 Dunnell, Minn. Dig. (2 ed.) § 344, note 83.

Affirmed.

HILTON, J. took no part.