## Hermann v. Morlidge et al.
## Hermann v. Dummit, Atty. Gen.
## Same v. Morlidge.

Nov. 21. 1944.

Morris Weintraub, J. M. Lancett, and Benj. Sampson for appellant.

Carl H. Ebert and Walter J. Burke for appellees, J. Bailey Morlidge et al.

Eldon S. Dummit, Attorney General, and Elmer Drake, Assistant Attorney General, for appellee Attorney General.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming.

The appellee Morlidge holds the office of Manager of the City of Newport, which is a municipality of the second class and operating under the city manager form of government. Making no claim to the office himself and proceeding simply as a private citizen, the appellant Hermann, by the first action mentioned in the caption, sought to oust the appellee, claiming in his petition that the latter is a nonresident of the City of Newport and, therefore, a usurper. Constitution, sec. 234, and City of Lexington v. Thompson, 250 Ky. 96, 61 S. W. 1092. The appellee's special demurrer having been sustained and the petition dismissed, the appellant then sought, in the second action mentioned in the caption, a writ of mandamus to compel the attorney general to institute ouster proceedings against the manager. The attorney general's general demurrer having been sustained and the petition dismissed, the appellant then filed the action that is last mentioned in the caption. In this action he plead substantially as in the first, and, in addition thereto, he

plead the result of his action against the attorney general and the latter's refusal to cooperate. The lower court having sustained the city manager's special demurrer to this last petition, all three actions are now before this Court on appeal.

From the above it will be noted that only two questions are presented for determination: the first is whether a private citizen may maintain an action to remove an alleged usurper of a public office when such private citizen does not claim the office himself; the second is whether a writ of mandamus will issue at the instance of such a private citizen to compel the attorney general to act to remove such an alleged usurper.

The first question is answered decisively and adversely to appellant's contention in this court's opinions in King v. Kahne, Ky., 87 S. W. 807, Amberson v. Fowler et al., 180 Ky. 587, 203 S. W. 322, and Jenkins v. Congleton et al., 242 Ky. 46, 45 S. W. 2d 456, written by Justices O'Rear, Miller and Rees, respectively. In each of those decisions it is stated unequivocally that such an action must be in the name of the person entitled thereto, or of the Commonwealth, and, when in the name of the latter, must be brought by or upon the information of the attorney general, when the office is a city office.

In support of his alleged right to maintain the action which he instituted against the attorney general, the appellant cites only three Kentucky cases, namely, Stack v. Commonwealth, 118 Ky. 481, 81 S. W. 917; Spurlock v. Lafferty, 214 Ky. 333, 283, S. W. 124; Morgan, County Judge, et al. v. Champion, 150 Ky. 396, 150 S. W. 517. Neither of these cases is in point. The Stack v. Commonwealth case merely held that in a city of the fourth-class the outgoing members of council had no authority to determine who had been elected to succeed them, and that section 483 of the Civil Code of Practice does not deprive the court of jurisdiction of an election contest case. Spurlock v. Lafferty simply decides in substance that only the attorney general, commonwealth's attorney, or person entitled thereto may maintain an action to test the title to an office. The Morgan v. Champion case, so far as pertinent here, merely holds that a county judge and a fiscal court may be compelled by mandamus to appoint a county road engineer; the question of who has authority to maintain such a proceeding was not

presented or considered in the case. In fact, the precise question of whether an official who is invested with authority to maintain an action to oust the usurper of a public office may be required by mandamus or otherwise to exercise that authority seems now to be presented in this jurisdiction for the first time. This, however, is not to say that we are without the benefit of precedent in other jurisdictions. Boyne v. Ryan, District Atty., 100 Cal. 265, 34 P. 707; State ex rel. LeShure v. O'Hern, Mo. App., 149 S. W. 2d 914; People ex rel, Peabody v. Atty. Gen., 22 Barb., N. Y., 114; State ex rel, Black v. Taylor, 208 Mo. 442, 106 S. W. 1023, 13 Ann. Cas. 1058; People ex rel. Raster v. Healy, 230 Ill. 280, 82 N. E. 599, 15 L. R. A., N. S., 603; 51 C. J. 324; 5 Am. Jur. 231; People v. Atty. Gen., 41 Mich. 728, 3 N. W. 205; Le-Wright v. Bell, Atty. Gen., 94 Tex. 556, 63 S. W. 623; State ex rel, Rosbach v. Pratt et al., 68 Wash. 157, 122 P. 987. In each of those cases the conclusion was reached that the attorney general, or other similarly circumstanced official, is invested with a discretion which a private citizen may not coerce nor a court control. To hold otherwise would be to subject such official to the whim, caprice or selfish purposes of another; or, in minimum, to substitute the discretion and judgment of the private citizen, whatever the motives actuating him, for those of the duly constituted officer, who is accountable to the whole public for his official acts.

The code provisions on which the appellee relies are not incompatible with the views herein expressed. Section 480 merely renders an ordinary action available in lieu of the writs of scire facias and quo warranto. Section 483, which reads: "If a person usurp an office or franchise, the person entitled thereto, or the Commonwealth, may prevent the usurpation by an ordinary action," simply determines the identity of the plaintiff and restricts the right of action to the one so identified. And the one so indicated, it will be noted, is not the attorney general, but simply and exclusively the one who is entitled to the office or the commonwealth. Furthermore, this section of the code merely confers a right; it does not impose an obligation; neither the person entitled to the office nor the Commonwealth is under compulsion to exercise the right so conferred. The Legislature was exceedingly careful to say, "they may", and not "they shall". Section 485—"For usurpation of other than county offices or franchises, the action by

the Commonwealth shall be instituted and prosecuted by the Attorney-General"—simply provides, in essence, that if the right of action which rests in the commonwealth is to be asserted in such a case, the attorney general is the only one who may do so. The appellant's brief and the authorities therein cited and relied upon, to which we have given careful study and consideration, do not dissuade us from these views.

The judgments appealed from are each affirmed.

Whole Court sitting.