Snow CHOATE and Robert Cross,
Appellants,

v.

COMMONWEALTH of Kentucky ex rel. Jo M. FERGUSON, Attorney General,
Appellee.

Court of Appeals of Kentucky.

June 2, 1961.

Parker W. Duncan, Bowling Green, Hile Pritchard, Albany, for appellants.

James A. Hicks, Albany, Bruce H. Phillips, Monticello, for appellee.

WADDILL, Commissioner.

This action was brought by appellee, Commonwealth of Kentucky on relation of the Attorney General, against three members of the Clinton County Board of Education seeking to oust them from membership on the ground that they lacked the educational qualifications required by KRS 160.180(1)(c). Shortly thereafter these defendants resigned from the board and the remaining members promptly appointed successors to complete the unexpired terms. Appellee then filed an amended complaint making two of the appointees (appellants) defendants on the ground that since their predecessors were not qualified to serve, a vacancy had existed from the time they took office, and inasmuch as the vacancy exceeded 90 days, the county board had no authority to fill the vacancy under KRS 160.190. The third appointee was not challenged. Subsequently, the three original defendants moved to dismiss the complaint as to them on the ground that they were no longer members of the board. The trial court did not act on this motion.

During the course of the proceedings the Attorney General filed with the court a copy of a letter addressed to the attorney who was handling the case on his behalf. In this letter he expressed the opinion that it was in the best interest of the public for this

litigation to cease. He further stated that he was withdrawing his authorization to proceed against appellants, and he asked that the complaint against them be dismissed. Appellants filed a motion to dismiss in accordance with the Attorney General's letter. The trial court failed to rule on this motion and three days later entered a judgment which determined that the appellants' predecessors lacked the qualifications required by KRS 160.180(1) (c) ; that the county board had lost the right to appoint their successors (Kash v. Day, Ky., 239 S.W.2d 959) ; and that appellants were usurpers of the office they purported to hold.

Appellants contend that, since the maintenance of a proceeding of this character is within the sole discretion of the Attorney General (Hermann v. Morlidge, 298 Ky. 632, 183 S.W.2d 807), such officer has the right to withdraw from the proceeding at any time prior to judgment and that the trial court erred in failing to dismiss the action under the existing circumstances. Appellee argues that, since the Attorney General's request for dismissal was filed after the trial judge had prepared and signed a draft of the opinion and judgment he intended to enter in the case, the request was properly ignored by the trial court. This argument is unavailing because the record reflects that the several motions to dismiss were filed prior to the entry of judgment. See, Clay, CR 58, Author's Comment 2.

Civil Rule 41.01(1) provides for the dismissal of an action of this character by filing a "stipulation of dismissal" signed by all parties who have appeared in the action. In view of the fact that all parties to the action sought its dismissal we are of the opinion that the cumulative effect of their motions constitutes a "voluntary dismissal" within the meaning of CR 41.01(1).

Therefore, we hold that the trial court erred in entering a judgment upon the merits of the case. The views herein expressed are supported by State v. Elwell, 1960, 156 Me. 193, 163 A.2d 342,. wherein the court affirmed a judgment dismissing a quo warranto proceeding upon the withdrawal of the Attorney General.

The judgment is reversed with directions to dismiss the action.