In the Matter of NANCY POWERS, Petitioner, v RUSSELL P. BUSCAGLIA, as Court of Claims Judge Assigned to Supreme Court, et al., Respondents. [675 NYS2d 571] —Petition unanimously dismissed without costs. Memorandum: Petitioner commenced this original CPLR article 78 proceeding in the nature of mandamus to compel respondents to disclose Grand Jury minutes relating to an indictment charging petitioner with murder in the second degree and criminal possession of a weapon in the fourth degree. In refusing petitioner's request to reduce bail in the criminal action, Supreme Court acknowledged that it had read those minutes. Petitioner now contends that she and her attorney should be allowed to review the minutes in order to prepare a new bail application and respond to questions raised by the Grand Jury testimony. We conclude that mandamus is not available in this situation and that the petition must be dismissed.

"Mandamus lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought" (*Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16; *see, Klostermann v Cuomo,* 61 NY2d 525, 539). It does not

lie "to compel an act in respect to which the officer may exercise judgment or discretion" (*People ex rel. Hammond v Leonard,* 74 NY 443, 445; *see, Klostermann v Cuomo, supra,* at 539). Because the determination whether to disclose Grand Jury minutes involves the exercise of discretion (*see,* CPL 190.25 [4] [a]; *Matter of District Attorney of Suffolk County,* 58 NY2d 436, 444), mandamus does not lie. (Original Proceeding Pursuant to CPLR art 78.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.