The People *ex rel.* A. G. Damron, State's Attorney

*v.*

T. J. McCormick *et al.*

*Filed at Springfield March 29, 1883.*

1. PRACTICE—*in mandamus—traversing facts after demurrer to answer —discretion.* Where a demurrer to an answer to a petition for a *mandamus* has been overruled, this court, in its discretion, may or may not allow an issue of fact to be made. It will be allowed when the ends of justice seem to demand it, otherwise it will be denied.

2. PLEADING—*carrying demurrer back—in mandamus proceedings.* The familiar rule that a demurrer will be carried back and made to reach the first defect in the pleading of either party, has its application in proceedings by *mandamus,* as well as to other pleadings, either at law or in equity.

3. MANDAMUS—*to compel inferior tribunal to do an act within its discretion.* Where an inferior tribunal is invested by law with authority to decide any matter submitted to it, it may be compelled, by *mandamus,* to act; but how it shall decide a given case is always a matter for its judgment, and with the exercise of which no other tribunal or court may interfere.

4. SAME—*to compel county board to require suit to be instituted against county clerk.* A petition for a *mandamus* sought to compel a county board to require a county clerk, whose term of office had expired, to forthwith pay to the county treasurer certain moneys alleged to be in his hands belonging to the county, and in default thereof to require the relator, as State's attorney, to commence suit on the official bond of the clerk for the recovery of such moneys. It appeared that the county board had once acted on the matter and refused to make such order. It was *held,* that the petition failed to show a case that would justify the granting of the writ, such matters being purely within the discretion of the county board, and a demurrer to the answer was sustained to the petition, and the same dismissed.

This was a petition for a *mandamus,* filed in this court, the contents, object and purpose of which fully appear in the opinion of the court.

Mr. A. G. DAMRON, State's Attorney, *pro se:*

As I understand the present practice, the petition takes the place of the alternative writ, and the answer that of the return. Wood on Mandamus, 43; *People* v. *Glann,* 70 Ill. 233.

If the return is insufficient, the relator may demur or move to quash.    Moses on Mandamus, 214; High on Extraordinary Remedies, sec. 460.

A special demurrer is not necessary in any instance. Wood on Mandamus, 46.

If the demurrer is overruled, the relator is at liberty to plead to or traverse any of the material facts alleged in the return.    High on Extraordinary Remedies, secs. 496, 497.

Messrs. MORRIS & BOYER, Mr. WILLIAM A. SPANN, and Mr. JAMES M. GREGG, for the respondents :

The demurrer filed by the relator should be carried back and sustained to the first defective pleading.    Wood on Mandamus, 37.

The petition is defective, because, first, the relator, as State's attorney, had the power to sue on the official bond of respondent without any direction of the county board.    (Rev. Stat. 1874, chap. 14, sec. 5, par. 1.)    Second, it was a matter within the discretion of the board to grant or refuse an order directing a suit when applied for, and being a discretionary matter, a *mandamus* can not be awarded.    *People ex rel.* v. *Chicago and Alton R. R. Co.* 55 Ill. 95; *County of St. Clair* v. *People*, 85 id. 396.

The action of the board in auditing the claim for extra clerk hire, and in approving the reports in which such credits were asked, was of a judicial character, and not subject to be reviewed by this court in this proceeding.    Wood on Mandamus, 20.

The object of the writ is to put the inferior tribunal in motion,—to compel it to act,—and not to review its action. The county board has acted in this matter,—a matter expressly committed to it by law.    An appeal lies from its action in allowing claims against the county.

Mr. Chief Justice Scott delivered the opinion of the Court:

This is an original proceeding in this court, and the petition is for a writ of *mandamus*. The suit is brought in the name of the People of the State of Illinois, on the relation of Almus G. Damron, who represents himself to be "the State's attorney, and also a citizen and tax-payer, of Johnson county," against T. J. McCormick, W. T. Davis and L. F. Walker, county commissioners of Johnson county, and Francis M. Jones, county clerk of the same county. It is alleged in the petition that the respondent (Jones) was elected county clerk of Johnson county at the general election in November, 1877, and thereafter entered upon the discharge of the duties of such office, and continued to hold such office up to the first Monday of December, 1882, being for a period of five years, and that prior to his election the county board had fixed the salary of the county clerk at $1000 per annum, and the allowance for clerk hire at $240 per annum. It is then alleged that such clerk, after deducting his salary and the sum allowed for clerk hire, had still in his hands a certain sum received by him as fees earned in his office, and also that the county board had made him certain allowances for extra clerk hire, and for making the tax books, as required by statute they should be made, and that such allowances had been paid to him, either by fees in his hands or out of other funds in the county treasury, and that such allowances were made without authority of law, and therefore it is unlawful for respondent to have or retain the sums of money so paid to him. The prayer of the petition is for a writ of *mandamus* to compel the county commissioners of such county forthwith to enter an order of record requiring the county clerk to pay to the county treasurer the sum or sums of money alleged to be in his hands that of right belong to the county, and in default thereof, that the county commissioners be required immediately to enter an order of record

authorizing petitioner, as such State's attorney, to commence suit upon the official bond of such county clerk for the recovery of the money so alleged to be due to the county.

Two of the commissioners,—McCormick and Davis,—and the county clerk, have filed an answer to the petition, in which they admit many of the principal facts, and then state minutely and definitely all the county clerk has done in the management of his office, and what disposition he has made of the earnings of his office during his incumbency, and what allowances have been made to him by the county board and on what account, affirming that such allowances were authorized by the statute; and, in substance, it is further stated the county clerk has managed his office to the entire satisfaction of a majority of the county board, and that the county board had and did appoint a committee of citizens of the county to investigate the accounts, earnings, receipts and disbursements of the county clerk's office; that the committee were afforded the fullest opportunity to make a thorough investigation, and that the report of such committee was a "full and complete vindication" of the official conduct of the county clerk. The other commissioner (Walker) filed no answer.

To the answer of respondents, setting forth these and other facts concerning the conduct and management of the office of the county clerk, with the usual formalities, the relator filed a demurrer. The cause has been submitted for decision on the petition, the answer of respondents, and the demurrer of the relator.

It is suggested by relator, if the demurrer be overruled he be at liberty to plead to or traverse any or all of the material facts alleged in the answer or return. The practice in that respect is, the court, in its discretion, may or may not allow an issue of fact to be made after the case has been once submitted on demurrer to the petition or answer. When the ends of justice seem to demand it, an issue of fact will be allowed, otherwise it will be disallowed.

The familiar rule that a demurrer will be carried back and made to reach the first defect in the pleading of either party, has its application in proceedings by *mandamus,* as well as to other pleadings, either at law or in equity. That may be done in this case, and hence the inquiry arises, does the petition herein show any such clear right to the relief sought as would authorize a writ of *mandamus* to issue? It seems clear no such case is made by the petition. Although the county clerk is made a defendant, it will be perceived the court is not asked by the prayer of the petition to compel him to do or perform any act which it is his duty, by law, to perform. It is sought to compel the county board, first, to require the county clerk forthwith to pay to the county treasurer certain moneys alleged to be in his hands belonging to the county, and in default thereof, second, to immediately require relator, as State's attorney, to commence suit on the bond of such county clerk for the recovery of the sums of money alleged to be in his hands. Both acts it is sought to have the county board perform are matters purely within its discretion. The acts required to be done involve duties in the nature of judicial powers, with the exercise of which this court has no rightful authority to interfere. Both the petition and the answer show the county board has once acted in the premises, and decided not to make the orders demanded. No principle is perceived on which an inferior tribunal, invested by law with authority to decide any matter that may be submitted to it, can be compelled to decide a given question, one way or the other. Such a tribunal may be compelled to act, but how it shall decide a given case is always a matter for its judgment, and with the exercise of which no other tribunal or court may interfere. That is precisely the case here, and whether the answer is sufficient or not is a matter of no consequence, and concerning which no opinion will be expressed. The petition itself makes no case

that calls for the exercise of the extraordinary powers of the court by *mandamus.*

The demurrer will be carried back and sustained to the petition, which is done, and the petition dismissed.

*Petition dismissed.*