436     APPELLATE COURTS OF ILLINOIS.

VOL. 93.] Ill. State Board of Examiners of Architects v. The People.

Illinois State Board of Examiners of Architects v. The People ex rel. Fred Harbers.

1. MANDAMUS— *Does Not Lie to Compel Subordinate Tribunals to Decide in a Particular Way.*—The writ of mandamus lies to subordinate judicial tribunals to compel them to act where it is their duty to act, but never to require them to act in a particular manner.

2. SAME—*It Does Not Lie to Compel the Performance of Duties Which Necessarily Call for the Exercise of Judgment and Discretion.*— While abuse of discretion in a public officer or inferior tribunal may be controlled by mandamus, in the absence of such abuse, the writ will not lie to compel the performance of acts or duties which necessarily call for the exercise of judgment and discretion on the part of the officer or body at whose hands their performance is required.

Mandamus.—Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed February 13, 1901.

STEVENS & HORTON, attorneys for appellants; FERGUSON & GOODENOW, of counsel.

In order to ascertain the true spirit and import of an act, the courts may also consider the mischiefs such act was designed to remedy. Bobel v. The People, etc., 173 Ill. 19; Soby v. The People, etc., 134 Ill. 66; Hogan v. Akin, 181 Ill. 448.

In construing a statute, the primary consideration is to ascertain and give effect to the legislative intention. In order to accomplish this object, the court should look at the whole act, and seek to ascertain such intention by an examination and comparison of its various provisions. Soby v. People, etc., 134 Ill. 66; People, etc., v. Kipley, 171 Ill. 44; Bobel v. The People, etc., 173 Ill. 19; Baird v. Hutchinson, 179 Ill. 435; Hogan v. Akin, 181 Ill. 448.

The office of the writ of mandamus is, in general, to compel the performance of mere ministerial acts prescribed by law. It lies, however, also to subordinate judicial tribunals, to compel them to act where it is their duty to act, but never to require them to decide in a particular manner.

The People ex rel. v. Dental Examiners, 110 Ill. 180; Dental Examiners v. People ex rel., 123 Ill. 227; People v. McCoy, 125 Ill. 289; Board of Dental Examiners v. People, 20 Ill. App. 457.

As approving doctrine that mandamus will not lie, see Beidler v. Kochersperger, 171 Ill. 563; People, etc., v. Crabb, 156 Ill. 155, and People ex rel. v. Gibbons, 161 Ill. 510.

In construing an act it is a principle of interpretation that the object must be borne in mind, and language susceptible of more than one construction should receive that which will effect its purpose rather than defeat it. Anderson v. C., B. & Q. R. R. Co., 117 Ill. 26. A presumption is always indulged in favor of the constitutionality of an act, and that construction will be adopted which will sustain the act, where the language used will permit such interpretation. Newland v. Marsh, 161 Ill. 376; The People v. Hinrichsen, 161 Ill. 223; P. & P. U. Ry. Co. v. The People ex rel., 144 Ill. 458; People ex rel. v. City of Chicago, 152 Ill. 546; People ex rel. v. Nelson, 133 Ill. 565; People ex rel. v. Gaulter, 149 Ill. 39; People v. Thompson, 155 Ill. 451; Swigart v. People, 50 Ill. App. 181.

John Dailey, State's Attorney, for appellee; Scholes & Jacobson, of counsel.

Practice is the frequent and repeated exercise in any matter; regular ·and continued application of one's powers to gain experience or skill. Standard Dictionary of the English Language.

An architect is a person skilled in the art of building; one who understands architecture, or whose profession it is to form plans and designs of buildings, and superintend their execution. Am. & Eng. Encyclopedia of Law (2d Ed.), Vol. 2, page 815.

In construing a statute the true intent is to govern. People v. Illinois & Michigan Canal Commissioners, 3 Scam. 153; Zarressler v. People, 17 Ill. 101; Stribling v. Prettyman, 57 Ill. 371.

Where a discretion is abused, and made to work injustice,

438    APPELLATE COURTS OF ILLINOIS.

VOL. 93.] Ill. State Board of Examiners of Architects v. The People.

it may be controlled by mandamus.    Village of Glencoe v.
The People, 78 Ill. 383; Illinois State Board of Dental
Examiners v. The People ex rel., 20 Ill. App. 457; The Illinois State Board of Dental Examiners v. The People ex rel.
John M. Cooper, 123 Ill. 227.

The appellees, composing the State Board of Architects,
refused to perform the duties of their office imposed by law,
and attempted to evade the same when the relator applied
for license, and it should therefore be compelled by mandamus to perform its duty.    Dental Examiners v. The People
ex rel., 123 Ill. 239.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of
the court.

This was a petition for a mandamus filed in the Circuit
Court of Peoria County by the people, on the relation of
Fred Harbers, against the Illinois State Board of Examiners
of Architects, to compel said board to issue the relator a
license to practice architecture in this State.    The relator
avers in his petition that he is a resident of the city of
Peoria and a citizen of this State, of lawful age; that having
selected the practice of architecture and building as his profession, he, to prepare himself, studied architecture in Germany in 1868 and 1869; that in 1873 he took up his residence in Peoria and in 1877 started in the business of
architecture and building, and continued in such practice up
to September 1, 1897; that the act of June 3, 1897, entitled
" An act to provide for the licensing of architects and regulating the practice of architecture as a profession," provided for the appointment of a State Board of Examiners
of Architects, and also contained the following, among other
provisions, to wit:

" Any person who shall, by affidavit, show to the satisfaction of the State Board of Examiners of Architects that
he or she was engaged in the practice of the profession
of architecture on the date of the passage of this act, shall
be entitled to a license without examination:    Provided,
such application shall be made within six months after the
passage of this act.    Such license, when granted, shall set

forth the fact that the person to whom the same was issued was practicing architecture in this State at the time of the passage of this act, and is therefore entitled to a license to practice architecture without examination by the board of examiners, and the secretary of the board shall. upon the payment to him of a fee of twenty-five dollars ($25), issue to the person named in said affidavit, a license to practice architecture in this State, in accordance with the provisions of this act."

That relator, desiring to continue in the practice of said profession, on October 18, 1897, presented his affidavit showing he was engaged in the profession of architecture at the time of the passage of said act, and tendered to said board the fee of $25, and demanded that said board issue to him a license to practice architecture in the State of Illinois; that said board refused to issue him a license on the ground that he was engaged in business as a builder, together with that of architecture; that the members of said board were influenced in refusing to issue him a license by reason of the unfriendly feeling existing between relator and one of their members, who resided in Peoria;. that the board. abused the powers vested in them for the purpose of crush-ing a rival of said member of the board. The members of the board were made parties defendant to the petition, and the prayer of the petition was. " for the people's writ of mandamus directed to the said board and each member thereof, commanding them forthwith to receive from relator the fee of $25, which is hereby tendered, as required by law, and upon proof of affidavit of relator being presented to said board, to issue relator a license in the usual form to practice architecture in the State of Illinois." Defendants in their answer denied that relator was engaged in the profession of architecture at the time of the passage of the act referred to in the petition, or that he had ever practiced said profession either in the city of Peoria or elsewhere; denied that defendants were influenced by said member of the board in refusing said license, and any and all improper influences on the part of any one in the consideration of relator's application, and denied that relator is or ever was qualified to practice the profession of architecture or that

440    APPELLATE COURTS OF ILLINOIS.

VOL. 93.] Ill. State Board of Examiners of Architects v. The People.

he is entitled to a license under the law. They aver that he was a builder and contractor and not an architect. A replication was filed and a jury waived. Upon the trial the court found that the relator was at the time of the passage of the act in question, a practicing architect; that he filed his application and affidavit as required by law within six months after the passage of the act and was entitled to the writ of mandamus prayed for.

It was therefore adjudged by the court " that the people's writ of mandamus issue in accordance with the prayer of said petition therefor, directing and commanding said Illinois State Board of Examiners of Architects and each member thereof to forthwith receive from the relator the fee of twenty-five dollars ($25) which has been heretofore tendered, and to issue to the relator, Fred Harbers, a license in the usual form to practice the profession of architecture in the State of Illinois."

The question whether Harbers was at the time of the passage of the act in question, engaged in the practice of the profession of architecture, was vigorously contested. Apart from that question, which we do not pass upon here, there are reasons why we think the judgment was wrong. The law above referred to provides that " any person who shall, by affidavit, show to the satisfaction of the State Board of Examiners of Architects, that he or she was engaged in the practice of the profession of architecture on the date of the passage of this act, shall be entitled to a license without examination."

The prayer of the petition is that the writ of mandamus may issue " directed to the said board and each member thereof, commanding them forthwith to receive from relator the fee of twenty-five dollars ($25), which is hereby tendered as required by law, and upon proof of affidavit of relator being presented to said board, to issue relator a license in the usual form," etc. The judgment does not follow the language of either the law or the petition, but directs the board and each member thereof to receive the fee and to issue the license.

Ill. State Board of Examiners of Architects v. The People.

Under the judgment, the relator is not required to furnish the board with proof of his affidavit, as he himself proposes to do in his prayer for relief. The court does not find that he has presented such proof to the board, and the finding that the statements of the affidavit are true can not take the place of the presentation of the proof of the same to the board. " The general rule that no specific relief can be granted except as prayed applies to mandamus proceedings." Spelling on Extraordinary Relief, page 1349, Sec. 1653. The relator did not ask that the board be compelled to issue the license without proof of the affidavit, and the court could not rightfully go beyond the prayer of the petition and grant relief which was not sought.

It is also to be remarked that the prayer of the petition is not that the board proceed to act upon the application, but that it act favorably thereon. There was no finding by the court that the board was influenced in its decision to refuse the license by the rivalry and unfriendly feeling of the member referred to, and thus abused its powers. In the language of the law a person desiring a license without an examination must " by affidavit, show to the satis-faction of the State Board of Examiners of Architects that he or she was engaged in the practice of the profession of architecture on the date of the passage of this act." This certainly leaves some discretion to be exercised by the board, and while a mandamus would lie in a proper case to compel the board to act upon an application, yet in the absence of a wrongful abuse of power, amounting to a fraud against the rights of the applicant, it would not lie to compel its members to decide in a certain way.

In The People ex rel. 'Sheppard v. The Illinois State Board of Dental Examiners, 110 Ill. 180, it is said :

" The office of the writ of mandamus is, in general, to compel the performance of mere ministerial acts prescribed by law. It lies, however, also to subordinate judicial tribunals, to compel them to act where it is their duty to act, but never to require them to decide in a particular manner."

It is the general rule that while abuse of discretion in a

public officer or inferior tribunal may be controlled by mandamus, yet in the absence of such abuse the writ will not lie to compel the performance of acts or duties which necessarily call for the exercise of judgment and discretion on the part of the officer or body at whose hands their performance is required. Illinois State Board of Dental Examiners v. People ex rel. Cooper, 123 Ill. 227; The People ex rel. Damron v. McCormick, 106 Ill. 184.

The court therefore erred in directing the board of examiners to receive the fee from the relator and pass favorably upon his application.

For the reasons above given, the judgment of the court below will be reversed and the cause remanded.