N. J. SCHLEY ET AL. v. LEON & H. BLUM.

No. 74.

1. **Findings of Fact by Court of Civil Appeals.** — Findings by the Court of Civil Appeals as to locality of lines of surveys, and whether surveys are adjoining or are detached, are findings of fact. Such decision can not be revised in the Supreme Court.

2. **Cases of Boundary.**—Action to compel surveyor to make a survey and return field notes of land, claimed by plaintiff to be vacant, and on which he had filed land certificates. The adverse claimant was made defendant, and his defense was that certain surveys owned by him were adjacent to each other, and covering the land filed upon. The plaintiff insisted that the surveys owned by defendant were not adjoining, and he claimed that the strip between them was vacant and subject to appropriation. In such suit the title to the land was involved, and the determination of the lines of the surveys owned by the defendant determined the case. *Held,* that the litigation presented a *case of boundary*, and that this court has no jurisdiction.

THIS is an application for writ of error to the Court of Civil Appeals, First District, in a case on appeal from the District Court of Wharton County.

The opinion gives a sufficient statement.

*W. M. Walton, John W. Maddox,* and *West & McGown,* for application.

STAYTON, CHIEF JUSTICE. — Application and accompanying papers show that Leon & H. Blum brought this action to compel, through mandamus, the county surveyor of Wharton County to survey certain lands on which they had located land certificates; that this the surveyor refused to do, on the ground that the lands had been patented before the locations were made.

The adverse claimant of the land was made a party, and on trial judgment was rendered for the plaintiffs, but on appeal the judgment was reversed and rendered for the defendants.

It is shown, that the claimant of the land, made a defendant, is the owner of two blocks of surveys containing many sections; and on the part of the defendants it was contended that these blocks were contiguous, so far as the lands in controversy are concerned; while on the part of the

plaintiffs it is claimed that this is not true, and that between the blocks there is land not appropriated by either block; and it is that strip of land, embracing about 2975 acres, upon which plaintiffs made their locations, claim, and now seek to have surveyed.

The Court of Civil Appeals held, that the two blocks of surveys as originally made were contiguous and there fixed by actual location and measurement, and that this relation was not disturbed by a subsequent correction of the field notes, which, however, made the surveys in one of the blocks to call for a survey made for the San Antonio & Mexican Gulf Railway, but that this was done by estimation, and not by an actual survey to determine the real relation between surveys in one of the blocks and the surveys for the San Antonio & Mexican Gulf Railway.

One of the blocks is known as the East Texas Railway surveys, and the other as the Morris & Cummins surveys; and after a general finding that they were contiguous, the opinion of the Court of Civil Appeals states, that " the surveyor who made the survey and returned the field notes to the General Land Office testified upon the stand, and his testimony upon this matter is uncontradicted, that he did in fact locate by actual measurement upon the ground in 1875 each and all of the surveys in the Morris & Cummins block, and that all of those surveys, in accordance with the calls of the field notes, were actually connected with each other and with the surveys in the East Texas Railway block of surveys; and that when he surveyed and located the Morris & Cummins lands, the line which he established the year before as the eastern boundary for the western tier of the East Texas Railway block was plainly marked. This witness further testified, that when he, in 1883, corrected the Morris & Cummins surveys, he did not resurvey the lands; and that when he called for number 2 of the San Antonio & Mexican Gulf survey he did not test his work to see if numbers 9 and 10 would connect with numbers 7 and 8, but he thought those surveys would connect. This evidence, taken with the calls in the patents, connecting the Morris & Cummins surveys with each other, and with the East Texas Railway surveys, and considered in connection with the maps before the Commissioner of the General Land Office at the time he issued the patent, make it manifest that the intention was, not to dissever those two blocks, but that the intention was to abut the Morris & Cummins surveys upon those of the East Texas Railway block of surveys."

It will be seen from this statement, that the question on which the rights of the parties depend is one of fact, decided by the Court of Civil Appeals adversely to applicants.

The findings of that court on such a question are made final by the Constitution and statute, which do not confer on this court jurisdiction to review them. Const., art. 5, secs. 3, 6; Gen. Laws 1892, p. 26.

There is, however, another reason why this court has no jurisdiction of this cause.

While the action against the surveyor is to compel him to perform an official act, that against the adverse claimant of the land is to test the right of the respective parties claiming it; the one by virtue of locations, valid if the land was vacant, and the other through patents claimed to embrace it.

The claimant of the land was made a defendant in order that the court might adjudicate the right to the land, as a necessary fact to be determined before the surveyor could be compelled to make the surveys.

The action was one involving the title to the land as fully as though that had been the sole purpose for which it was brought; and a judgment rendered in it, as between the adverse claimants, would be as conclusive as would be a judgment rendered in an ordinary action of trespass to try title.

The right depended on a question of boundary; if the western boundary of the East Texas Railway block was the eastern boundary of the Morris & Cummins block, plaintiffs had no right, for there was no vacant land subject to location under their certificates; while if the blocks were not contiguous, they were entitled to land between the blocks covered by their locations.

Where the right of parties to an action involving the title to land depends solely on location, which must be determined by the boundaries of different tracts of land, then we have what the law designates as a "case of boundary."

The law provides, that "the judgments of the Courts of Civil Appeals shall be conclusive in all cases upon the facts of the case; and a judgment of such court shall be conclusive on facts and law in the following cases; nor shall a writ of error be allowed thereto from the Supreme Court, to-wit: * * * 2. All cases of boundary."

This court has no jurisdiction to grant the writ prayed for, nor to review, through any process, the decision of the Court of Civil Appeals in this cause, and the application must be dismissed.

It is so ordered.

*Application dismissed.*

Delivered May 29, 1893.