T. B. COX ET AL. v. J. H. FINKS ET AL.

No. 608.—Decided December 9, 1897.

**1. Supreme Court—Jurisdiction—Boundary Case Defined.**

That the trial of title to land involves a question of boundary does not make it a "case of boundary" within the meaning of the statute (Rev. Stats., art. 996[2]). To do so the right of the whole case must depend upon a question of boundary; but the action need not be avowedly to settle a boundary line. The test is: If there had been no question of boundary would there have been any case? If so, it is not a boundary case; if not, it is one; and this is the case though questions of title become involved, since in every boundary controversy defendant may put the plaintiff on proof of his title. (Pp. 319, 320.)

**2. Same—Fact Case.**

Plaintiff, acting on the theory that there was vacant domain between defendants' survey and those north of it, attempted to appropriate same by locations by "Con-

federate" scrip and by purchase under the "Scrap Act;" defendants contested this title on the ground that there was no vacancy, and that the location was not made according to law, and the vacancy if any was too large to be subject to sale under the "Scrap Act." Held, that the case was one of boundary, and the decision of the Court of Civil Appeals was final. (P. 321.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

*Clark & Bolinger,* for defendants in error.—This court is without jurisdiction, for that it conclusively appears from the record that the case is one of boundary, within the meaning of the law; and where the rights of parties to an action involving title to land depend solely on location, as in this case, which must be determined by the boundaries of different tracts of land, then the case is a case of boundary and the decision of the Court of Civil Appeals is final. Rev. Stats., art. 996(2); Schley v. Blum, 85 Texas, 551; Maddox v. Covington, 87 Texas, 454.

*Jno. W. Davis, F. H. Robertson* and *Robt. H. Rogers,* for plaintiff in error, in support of jurisdiction, cited: Schley v. Blum, 85 Texas, 551; Burnett v. Powell, 6 Texas Civ. App., 39; Maddox v. Covington, 87 Texas, 454.

GAINES, CHIEF JUSTICE.—The defendants in error have filed a motion to dismiss the writ of error which has been submitted with the case.

We considered the question of our jurisdiction, when we passed upon the application in this case, and reached the conclusion that we had jurisdiction, and granted the writ. Having heard argument upon the motion to dismiss and having reconsidered the point, we are now of opinion that the decision of the Court of Civil Appeals was final and that we have no jurisdiction of the case. The article of the Revised Statutes, 1895, which defines, in part, the jurisdiction of this court, reads as follows:

"Article 940. The Supreme Court shall have appellate jurisdiction, co-extensive with the limits of the State, which shall extend to questions of law arising in all civil cases of which the courts of civil appeals have appellate, but not final jurisdiction."

But 996 contains among others the following provisions:

"Article 996. * * * The judgment of the courts of civil appeals shall be conclusive in all cases on the facts of the case, and a judgment of such courts shall be conclusive on the law and fact, nor shall a writ of error be allowed thereto from the Supreme Court in the following cases, to-wit:

"1. Any civil case appealed from a county court or from a district court when under the Constitution a county court would have had original or appellate jurisdiction to try it, except in probate matters and in cases involving the revenue laws of the State or the validity of a statute.

"2. All cases of boundary.

"3. All cases of slander and divorce.

"4. All cases of contested elections of every character, other than for State officers, except where the validity of the statute is attacked by the decision."

The question is: Is this a "case of boundary?" The word "boundary" has no technical signification. It is a term in common use and of no doubtful meaning. But when we undertake to give a precise definition of the words "all cases of boundary" as used in article 996, a difficulty arises. Broadly stated, every action for the recovery of land and in which a question of the true location of any line of a survey may become involved is a boundary case. The words admit of that construction. On the other hand, a narrow limitation of the scope of the terms would restrict their meaning to cases brought by one owner of a tract of land against the owner of a contiguous survey to determine one or more of the boundary lines between them. The question of the true construction of the terms under discussion has been frequently considered by us, but in most instances our views have not been expressed in writing; and in determining our jurisdiction in such cases we have adopted neither the broad nor the restricted construction above indicated. Every action to try title to land may involve a question of boundary, but our view has been that this did not of itself make a boundary case. It was held in effect in Schley v. Blum (85 Texas, 551) that the right of the case must depend upon a question of boundary; and we think we may here add to that holding by saying that the right of the whole case must so depend. So also the case cited is very distinct authority for the proposition that it is not necessary, in order to make a boundary suit, that the action should be brought avowedly to settle the true location of the dividing line between two contiguous surveys. It seems to us that the decision of the question whether a suit is or is not one of boundary merely, depends upon the answer to the further question: If there had been no question of boundary, would there have been any case? If so, it is not a boundary case. If not, it is a case of boundary pure and simple. In other words, the whole litigation must grow out of a question of boundary. There may be a question of boundary as to two grants, one owned by one party to the suit and the other claimed by both. A suit by one to try the title to the survey in controversy may involve a question as to the boundary between that and the other. This would not in our opinion be a boundary case within the meaning of the statute. So, on the other hand, a question as to the location of a boundary line may be the ground of the litigation, and yet questions of title may become involved. This may be true in every action to settle a controversy as to the dividing line between two adjacent surveys. The defendant may, if he sees proper to do so, put the plaintiff upon proof of his title,—may assail the validity of that title and defeat the action, should the plaintiff fail to make it good.

Let us apply these views to the present case. The defendants in

error, who were plaintiffs in the trial court, acting upon the assumption that there was unappropriated public domain between a certain large survey known as the Nancy Burwell Survey and the surveys north of it, undertook to appropriate the whole of such tract by virtue of what is known as a Confederate Veteran Certificate, and also in part by a purchase under what is known as the Scrap Act. They brought suit, and the plaintiffs in error, disclaiming as to all except a portion of the land sued for, demanded a severance of the case. The land claimed by them was that portion which was covered both by the location of the certificate and the alleged purchase. They claimed that there was no vacancy and that the land in controversy was within the limits of the Nancy Burwell survey. They also claimed in defense, that even if a vacancy existed, the defendants in error, the plaintiffs below, acquired no title either by the attempted location or the attempted purchase—first, because the location of the certificate was not made in the manner provided by law and was therefore void; and second, for the reason that, if there was any vacant land, it consisted of more than 640 acres, and therefore was not subject to sale under the Scrap Act. Whether there was a vacancy or not, depended upon the true location of the north boundary line of the Burwell survey. But for the question as to that line, the controversy could not have arisen—there would have been no case. Every issue in the case and in the whole case involves the determination of that question of boundary.

We are therefore of opinion, that this is "a case of boundary" within the meaning of the statute and that the decision of the Court of Civil Appeals is final.

Accordingly the motion is sustained and the writ of error dismissed.

*Writ of error dismissed.*