# Treat, Appellant, v. Pennsylvania Mutual Life Insurance Company.

*Corporations—Receivers—Injunction.*

The appointment of a receiver is a suspension of a corporation's functions and authority over its property and effects, and is equivalent to an injunction to restrain its agents and officers from intermeddling with its own property in any way.

*Insurance—Mutual insurance companies—Receiver—Injunction—Equity pleading.*

A bill in equity by a certificate holder of a mutual life insurance com-

pany against the company for a receiver is not fatally defective because the relief prayed for does not include a prayer for an injunction.

*Insurance—Mutual life insurance companies—Parties—Insurance commissioner.*

A bill in equity by a certificate holder of a mutual insurance company against the company for a receiver which does not aver insolvency, and is not instituted for the purpose of closing up the affairs of the company, is not fatally defective because the insurance commissioner of Pennsylvania is not joined as a party defendant.

*Equity—Equity practice—Equity pleading.*

Where a bill in equity has been filed by a certificate holder of a mutual insurance company against the company for a receiver, and an answer has been filed, and the case has been tried upon the merits, the defendant will not be permitted to allege that the bill was fatally defective because it failed to include a prayer for an injunction, and because the insurance commissioner was not made a party defendant.

Argued March 29, 1901. Appeal, No. 339, Jan. T., 1900, by plaintiff, from decree of C. P. No. 4, Phila. Co., March T., 1896, No. 1051, dismissing bill in equity in case of Frederick H. Treat for himself and such other certificate holders of the defendant company as may join herein *v.* The Pennsylvania Mutual Life Insurance Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Bill in equity for a receiver.

AUDENRIED, J., filed the following opinion:

The plaintiff's bill prays that a receiver be appointed to take charge of the books and assets of the defendant company, to recover all amounts due it, to pay its obligations, and generally to perform such matters and things in connection with the continuance or dissolution of such corporation as may seem requisite and proper to the court.

No injunction is asked to restrain the officers of the corporation from meddling with its affairs. To this extent the prayer for relief is defective. The appointment of a receiver is always a mere incident to the injunction commanding those in possession of property to refrain from interfering with it: Schlecht's Appeal, 60 Pa. 172.

The ground upon which relief is sought is that the officers and directors of the defendant are fraudulently mismanaging its property.

It is unnecessary to consider the question raised by this allegation since the bill is fatally defective in that it fails to join as a party the insurance commissioner of Pennsylvania. Clause 10, section 5 of the Act of April 4, 1873, P. L. 20, Purd. Dig. p. 1037, is mandatory on this point. It provides that "the commissioner shall be made a party to any proceedings instituted for the purpose of closing up the affairs of any company, when the same shall not be in the name of the commonwealth."

The reason of this provision is not difficult to find. The legislature has cast upon the department, of which the insurance commissioner is the head, the duty of supervising and regulating the business of all insurance companies operating in this state. He may examine their affairs and in the light of his examinations suspend from business those whom he believes to be insolvent or unworthy of confidence. As the credit or solvency of an insurance company may often depend on the results of such litigation as that before us, it is indispensable to the satisfactory performance of his duties and the proper working of his department, that the commissioner of insurance should have full notice of such proceedings by being made a party thereto on the record. And this is not only in cases where he proceeds himself in the name of the commonwealth to prevent a violation of the insurance laws, but in all cases.

Opportunity has been given the plaintiffs to bring in the insurance commissioner as a party to this cause, but as they have refused to do so, we are constrained to dismiss their bill. A decree may be prepared in accordance with this adjudication.

*Error assigned* was the decree of the court dismissing the bill.

*John J. Ridgway*, with him *Thomas Ridgway*, for appellant. —If appellant's prayer for a receiver had been granted, the order appointing the receiver would itself have been an injunction : Gravenstine's App., 49 Pa. 310.

Nonjoinder of the insurance commissioner was not a fatal defect.

It is suggested that it was an extraordinary act for the court to have dismissed the bill for what practically amounts to want

of jurisdiction after answer filed and trial, and after counsel, in accordance with the court's instructions, had inquired as to the possibility of joining the insurance commissioner and been refused: Searight v. Carlisle Deposit Bank, 162 Pa. 504.

*Alex. Simpson, Jr.,* with him *Joshua R. Morgan,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 13, 1901 :

This bill was filed by the plaintiff for himself and such other certificate holders of the defendant company as might join therein, alleging mismanagement and a conversion of the assets of the company to the use of the owners of a majority of the shares. The bill prayed " that a receiver be appointed by your honorable court to take charge of the books and assets of said company, to recover all amounts due said company, . . . . to pay its obligations, and generally to perform such matters and things in connection with the continuance or dissolution of said corporation as may seem requisite and proper to this court." The defendant filed an answer, issue was joined, and the cause was regularly tried under the equity rules. The relief prayed for was denied and the bill was dismissed because (*a*) the prayer for relief is defective in not asking for an injunction, and (*b*) the bill is fatally defective in not joining as a party defendant the insurance commissioner of Pennsylvania. The learned judge therefore held that for these reasons the merits of the cause need not be considered.

The first reason assigned for the action of the trial court is founded on a misapprehension of Schlecht's Appeal, 60 Pa. 172. In that case an injunction had been granted and a receiver had been appointed. This court reversed the court below because the plaintiffs had an adequate remedy at law. It was contended by the plaintiffs that this court could only reverse the decree for an injunction and could not interfere with the order for the appointment of a receiver. It was held, however, that the decree was a unit, and that the appointment of a receiver was but ancillary to the injunction. That was clearly correct. But it was not decided that a receiver could not be appointed without granting an injunction, and that a bill would be defective without a prayer for an injunction. On the contrary, Judge SHARSWOOD delivering the opinion holds that the

prayer for a receiver is in effect a prayer for an injunction. He says: "Indeed, the order for the receiver is itself an injunction—it directs the tenants to attorn and pay the rents to him (the receiver), giving him full authority to lease and manage the property." The appointment of a receiver is given like effect in Gravenstine's Appeal, 49 Pa. 310, where it is said in the opinion of the court that, "the appointment of a receiver was a suspension of its (the company's) functions and authority over its property and effects, and was equivalent to an injunction to restrain its agents and officers from intermeddling with its own property in any way." Such is the effect of placing the property of a corporation in the hands of a receiver. He has the full control and management of it and all other parties are necessarily restrained from interfering with it. It follows that the prayer of the complainant's bill was not defective because it did not ask for an injunction.

Nor is there any merit in the suggestion that the bill is defective because it does not join the insurance commissioner as a defendant. This is based upon a misconception of the object and the prayer of the bill. There is no allegation that the defendant company is insolvent, nor that its business should be discontinued and its corporate existence cease. It is averred, however, that its affairs are mismanaged, and that its assets are being squandered and converted to the use of those who have control of the company. The bill, therefore, prays that the affairs of the company be placed in the hands of a receiver who shall "perform such matters and things in connection with the continuance or dissolution of said corporation as may seem requisite and proper to this court." This is a contest among the certificate holders of a solvent company wherein the mismanagement of its affairs by the majority certificate holders is alleged and relief from which is sought in the proceeding. There is no necessity, under the facts averred in the bill, for the insurance department to interfere with the business of the company, and it has accordingly declined to do so. Nor need the insurance commissioner be made a party defendant in this action. The act of April 4, 1873, requires him to be made a party to the proceeding only when it is "instituted for the purpose of closing up the affairs of any company." Such is not the purpose of this bill. On the contrary, the plaintiff desires the

continuance of the corporation and its business and believes that an honest and faithful administration of its affairs will result in the success of the company. With this object in view, the bill prays for a receiver to take charge of the books and assets of the company and manage its affairs. The act of 1873 has no application to a case of this character.

There is another sufficient reason why the defendant cannot set up as a defense the matters suggested by the court below. If they have any merit, they should have been disposed of on a demurrer. The defendant filed an answer and the case was tried by the court on its merits. The pleadings do not raise the question suggested in the adjudication. It is now too late for the defendant to avail itself of the alleged defectiveness in the bill.

The assignments of error are sustained, the decree is reversed and the bill is reinstated with a procedendo.