### C. J. WRIGHT v. JOSIE BELL.

No. 1025.   Decided June 20, 1901.

**Jurisdiction of Supreme Court—Boundary.**
The jurisdiction of the Court of Civil Appeals over questions of boundary is final, and a writ of error was improvidently granted and will be dismissed, where, had there been no question of boundary, there would have been no case. (P. 577.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Harris County.

*James Masterson* and *Ingham S. Roberts*, for plaintiff in error.

*Watkins & Jones* and *Hutcheson, Campbell & Hutcheson*, for defendant in error.

GAINES, CHIEF JUSTICE.—We are of opinion that the writ of error in this case was improvidently granted and that it should be dismissed for the want of jurisdiction.

The defendant in error sold and conveyed to the plaintiff in error the north half of lots 9 and 10 in a certain block in the city of Houston. The description in the deed called for the streets upon which the half lots conveyed abutted. The suit grew out of the fact that there was a dispute as to the true location of the south boundary line of the street which lies north of them. The lots had been inclosed for a number of years and the defendant in error claimed that her fence was the true line of the street. On the other hand it was contended by plaintiff in error that the line of the street, as originally dedicated, was a few feet south of the line upon which the fence stood at the time of the conveyance. If the latter was the true line of the street and hence the north boundary of the half lots conveyed, then the dividing line between the north one-half and the south one-half of the lots was some two feet further south than it would have been had

the line upon which the fence stood been the true line as claimed by the defendant in error. This little strip approximately two feet in width is the bone of contention in the case, and the title to it depends upon the true location of the south boundary line of the property conveyed by defendant in error to plaintiff in error, which in turn depends 'upon the true position of the north line of the premises conveyed. As in the case of Schley v. Blum, 85 Texas, 551, the right of the case depends upon a question of boundary, and as in the case of Cox v. Finks, 91 Texas, 319, if there had been no question of boundary, there would have been no case. It follows that this is a "boundary case" within the meaning of the statute, and that the decision of the Court of Civil Appeals is final.

The writ of error is accordingly dismissed.

*Dismissed.*