LAURA MANSFIELD v. KATE L. GILBERT, ET AL.

Motion No. 1368.    Application No. 4616.    Decided May 4, 1905.

**1.—Jurisdiction of Supreme Court—Boundary.**

Where, in trespass to try title, the issues presented involved not only the contention that the grants under which defendant claimed the older title, did not embrace the land sought to be recovered within their boundaries, but also that the patents under which defendant claimed were void, it was not a boundary case, that is, not one in which if there had been no boundary question there would have been no case and the Supreme Court had jurisdiction upon writ of error.    (Pp. 18, 19.)

**2.—Case Approved.**

The ruling of the Court of Civil Appeals in this case approved and writ of error refused.    (P. 19.)

Motion for rehearing on an application for writ of error to the Court of Civil Appeals for the Fourth District, which had been dismissed for want of jurisdiction.

*J. R. Storms* and *W. G. Garrett,* for applicant.

GAINES, CHIEF JUSTICE.—At a former day of this term we dismissed the application for the writ of error in this case, for the reason that we were of the opinion that it was a "case of boundary," and that therefore we were without jurisdiction to pass upon the merits of the controversy.    This is a motion for a rehearing upon the point and for the court to reverse its action and to entertain jurisdiction of the case. We incline to think the motion should be granted.    In Cox v. Finks (91 Texas, 318), following Schley v. Blum (85 Texas, 551), we laid down as the test of a boundary case within the meaning of the statute the answer to the question—"if there had been no question of boundary, would there have been any case?"    Let us apply the test in this case. The plaintiff sued the defendants in trespass to try title to establish her right to the H. T. Sherwood survey.    The defendants claimed under certain surveys made for the T. W. N. G. Railroad Company, which were located and patented prior to the location of the Sherwood survey.    In order to meet this defense, the plaintiff attempted to show in the first place that the surveys under which defendants claimed did not embrace any part of the land for which she sued, and, in the second, that the patents to such surveys were void, and that under the circumstances they were not an obstacle to the location of the Sherwood certificate.    Let us suppose that there had been no question but that the plaintiff's survey and the surveys of defendants covered the same land—then there would have been no question of boundary

in the case, but there would still have remained the question whether the plaintiff or the defendants had the superior title. There would have been a case without a question of boundary. If, on the other hand, there had been no question as to the validity of the location of the defendants' surveys, the question would have been as to a conflict of surveys and but for that question there would have been no case, and it would have been a "case of boundary." For these reasons it would seem that this is not a boundary case.

Therefore we have reconsidered the case, treating it as one over which we have jurisdiction, and we have examined it upon its merits, but have reached the conclusion that the judgment of the Court of Civil Appeals is correct.

Accordingly the motion for a rehearing is granted and the writ of error is refused.