N. MAXFIELD v. E. L. STERLING & SONS.

No. 2905. Decided January 14, 1920.

(217 S. W., 937.)

Supreme Court—Jurisdiction—Boundary.

An action for the recovery of land and to restrain defendant from interfering with plaintiff's possession, when the rights of the parties depend on the location of a disputed boundary line, is not within the jurisdiction on the Supreme Court by writ of error. (Pp. 212, 213).

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Baylor County.

E. C. Sterling & Sons, a corporation, sued Maxfield for recovery of land, damages, and injunction, and recovered judgment. This was affirmed on defendant's appeal and he obtained writ of error.

*D. A. Holman,* for plaintiff.

*Glasgow & Kenan,* and *Sporer & McClure,* for defendant in error.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

We considered the question of our jurisdiction in passing upon the application for the writ of error in this case, and there was a question in our minds at the time as to whether it was not "a case of boundary" and therefore within the final jurisdiction of the Court of Civil Appeals. But as we thought there was probable error in the decision, we deemed it preferable, as the writer now recalls, to grant the writ and reserve until the hearing the final determination of the question of jurisdiction. The case, with others, was recently referred to the Commission of Appeals for its examination and report. In the course of its examination Section A of the Commission has suggested to us that in its view it is a case of boundary. We have accordingly carefully re-examined this feature of the case. We are convinced that it is a case of boundary, and hence the Supreme Court is without jurisdiction.

While an action for the recovery of land and to restrain the defendant from interfering with the plaintiff corporation's possession, the right to the land asserted by the respective parties depends simply upon the true location of the south boundary line of a tract

of land conveyed by S. H. Graves to the defendant and previously conveyed to Graves by the plaintiff. But for the dispute as to the location of that line, the controversy could not have arisen and there would have been no case. The determination of that issue settles the case. It is therefore essentially a case of boundary, and the decision of the Court of Civil Appeals is final. Cox v. Finks, 91 Texas, 318.

The case is accordingly withdrawn from the Commisson of Appeals and the writ of error is dismissed.

*Dismissed.*