West Lumber Company v. Cornelia G. Goodrich et al.

No. 2974.   Decided June 26, 1920.

(223 S. W., 183.)

**1.—Jurisdiction of Supreme Court—Boundaries.**

A suit may involve a question of boundary without becoming thereby a "case" of boundary in which the jurisdiction of the Court of Civil Appeals is final. It is not such unless the case is wholly one of boundary. (P. 18).

**2.—Same—Conversion of Timber.**

Where the action for recovery of land was joined with one for damages for cutting and converting timber thereon, though the right to recover either land or damages depended on the true location of plaintiff's boundaries, it was not wholly a case of boundary; and the Supreme Court could take jurisdiction thereof on writ of error; and having jurisdiction it could in such case determine the boundary question as incident to the case. (Pp. 18-20).

**3.—Same—Case Stated.**

In an action for recovery of land and conversion of timber, in which plaintiffs' right to recovery depended on the location of the boundaries of their land, there was a general verdict for defendant. On plaintiffs' appeal this was reversed and rendered in their favor for the land, with damages for the conversion assessed at $25,483.50, the amount considered established by uncontroverted testimony. The amount and value of the timber converted was shown only by the evidence given by an interested witness; and this the jury would have had a right to disregard. The appellate court, in rendering judgment for an amount so fixed by it, deprived appellees of their right to have same determined by the jury. This presented a question not involved in the controversy as to boundary; the Supreme Court had jurisdiction thereof on writ of error; and they could also determine the question of boundary incidental to it. (Pp. 18-20).

Error to the Court of Civil Appeals for the Ninth District, in an appeal from Polk County.

The action was by Cornelia G. Goodrich and others against the West Lumber Co. Defendant had verdict and judgment and plaintiffs appealed. The Court of Civil Appeals reversed and rendered judgment for plaintiffs for the land and for damages for conversion of timber, which it fixed from the evidence at $25,483.50. 182 S. W., 341.

Appellee, defendant below, applied for writ of error. Defendants in error moved to dismiss the application for want of jurisdiction. The Committee of Judges, to whom the application was referred, overruled the motion and granted the writ. A motion for rehearing of the motion to dismiss being filed in the Supreme Court, and the case, including this motion, being referred by them to the Commission of Appeals, Section A, that body recommended that the motion be overruled and the case reversed and judgment of the District Court affirmed. The judgment so recommended was entered by the Supreme Court; and in doing so that body, by Chief Justice Phillips, pronounced an additional opinion, giving its views on the jurisdictional question involved. So much of the opinion of the Commission of Appeals as relates to the question of jurisdiction and the supplemental opinion thereon by the Supreme Court are here published.

The Supreme Court of the United States granted a writ of error in this case on application of defendants in error Goodrich and others. The writ was dismissed *per curiam* on October 10, 1921, on the ground that no federal question was presented. 257 U. S., 610.

*Hill & Hill, S. H. German, C. L. Carter,* and *Baker, Botts, Parker & Garwood,* for plaintiff in error.—Cited and discussed: Cox v. Fink, 91 Texas, 318; Ablowich v. National Bank, 95 Texas 433; Steward v. Coleman County, 95 Texas, 445; Mansfield v. Gilbert, 99. Texas, 18; N. C. & St. L. Ry. Co. v. National Bank, 100 Texas, 19; Schiele v. Kimball, 194 S. W., 944.

*W. D. Gordon, Thos. J. Baten, Campbell & Campbell,* and *Crook, Lord, Lawhon & Ney,* for defendants in error.—Cited and discussed: Schiele v. Kimball, 194 S. W., 944; Mansfield v. Gilbert, 99 Texas, 18; Steward v. Coleman County, 95 Texas, 446.

The rule of law controlling the disposition of this case is absolutely fixed and settled by the statutes of this state and by the decisions of its highest courts, and these defendants in error are entitled to the equal protection of the laws and to have their rights determined by due process of law and in accordance with the law of the land; to hold that the Supreme Court of Texas has jurisdiction in this cause would be to deny these constitutional rights to the defendants in error.

Mr. Presiding Judge SONFIELD delivered the opinion of the Commission of Appeals, Section A.

Action in trespass to try title by Cornelia G. Goodrich and others, hereinafter referred to as plaintiffs, against the West Lumber Company, hereinafter called defendant, and others, for the recovery of four leagues of land in Polk County, granted to A. Viesca by the Government of Coahuila and Texas in 1833, and for the value of timber cut by defendant on a portion of the grant, alleged to contain 2027 acres, more or less.

Upon the trial, plaintiffs dismissed as to one and settled with other defendants, leaving the West Lumber Company the sole defendant. . . .

Defendant, in addition to general denial and plea of not guilty, pleaded the statutes of limitations of three, five, and ten years.

The case was tried to a jury and submitted on a general charge. Included in the general charge, was the issue as to the amount of timber, if any, cut by the defendant, and the fair and reasonable market value thereof. The jury returned a verdict in favor of defendant, and judgment was entered accordingly. On appeal, the Court of Civil Appeals reversed the judgment of the trial court, and rendered judgment in favor of plaintiffs for the land, and, in addition, for the sum of $30,936.00, the value of the timber cut and removed from the land. On motion for rehearing, the Court modified its original judgment, entering judgment in favor of plaintiffs for a less quantity of land and for $25,483.50, with interest thereon at the rate of six per cent. per annum from December 5, 1911. 182 S. W. 341.

A motion by plaintiffs to dismiss the application for writ of error, on the ground that the Supreme Court was without jurisdiction, the case being one of boundary, was considered and overruled; and the Committee of Judges granted the writ. Thereafter plaintiffs filed a motion to dismiss the writ on the same ground urging that the case of Schiele v. Kimball, 194 S. W., 944, decided by the Supreme Court subsequent to the granting of the writ, was decisive against jurisdiction. No action was taken upon this motion, other than the entry of an order that it be considered with the case.

Under Articles 1591, R. S. 1911, judgments of the Courts of Civil Appeals are made final and conclusive, and no writ of error is allowed thereto from the Supreme Court, in all "cases of boundary".

"Cases", as used in the above referred to article, is synonymous with "suits", "actions", or "causes". A case is a state of facts involving a question, or questions, for judicial inquiry and determination. It may, consistently with the rules of pleading, embrace several distinct controversies or causes of action, and the several controversies or causes of action so involved will constitute the case.

This suit involves a determination of the true boundaries of the Viesca grant, and the recovery of damages for trespass in cutting and removing timber from land which plaintiffs assert is a part of the Viesca grant. There are two separate and distinct causes of action, properly joined in one suit. It is true, that in order to a recovery for the alleged trespass, it was necessary that plaintiffs establish the boundaries of the grant as contended for by them. But the establishment of the boundaries favorable to plaintiffs would not determine the cause of action in trespass; there would remain the inquiry whether timber had been cut or removed; and, if so, the quantity and its value. Further, the defenses asserted to one cause of action may be wholly inapplicable to the other.

Plaintiffs could have filed a suit having for its purpose the establishment of the boundaries of the grant, and seeking no recovery for a trespass upon the land. Whatever the form of action, if this was in fact the controversy, the dominating question of the entire case, it would determine its character as a "case of boundary". Schiele v. Kimball, 194 S. W., 944.

On the other hand, plaintiffs could have brought an action solely for the recovery of damages in trespass. They could not recover in such action, without first establishing that the land claimed to have been trespassed upon was a part of the Viesca grant owned by them, but the fact that the location of the boundaries of the grant was involved, would not have made it a "case of boundary".

Herein these two separate and distinct causes of action, upon which separate and distinct suits could have been brought, are united and together constitute the *case*. The causes of action are separable, but the case is one. The test of jurisdiction is the character of the case. If all the issues converge in the establishment of boundaries, so that the right of the whole case depends thereon, and but for the question of boundary there would be no case, the case is one of boundary and the Supreme Court without jurisdiction. Schley v. Blum, 82 Texas, 551, 22 S. W., 667; Cox v. Finks, 91 Texas, 318, 43 S. W., 1; Wright v. Bell, 94 Texas, 577, 63 S. W., 623.

The statute does not make judgments of courts of civil appeals conclusive on all questions of, or controversy concerning, boundary; but gives finality to such judgments only in "cases of boundary". As stated by the Supreme Court in Steward v. Coleman County, 95 Texas, 445, 67 S. W., 1016: "Cases which are not wholly cases of boundary may involve as necessary to their decision the location of boundaries, and this does not thwart the jurisdiction of this court to determine every question of law arising in them. This distinction arises from the fact that the jurisdiction is withheld in *cases* of boundary and is not denied over questions of boundary arising in cases of a different kind."

113 Tex.—2.

We conclude that the case is not one of boundary, and that the jurisdiction of the Supreme Court extends to the case in its entirety. The motion to dismiss the writ of error should therefore be overruled.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the Supreme Court.

We approve the judgment recommended by the Commission of Appeals.

The jurisdiction question is one of some moment, and we will briefly state our views upon it. The court has a number of times been called on to decide what is a case of boundary as determining its jurisdiction, but the question is presented here in a way not common to any other case in which we have dealt with it. It is important that it be rightly decided. Not only so, but the correctness of the decision should be free from doubt. A true determination is not of more consequence with respect to one question of law than to another. The rules of law admit of no inferiority of rank. Each of them performs a vital duty within its sphere. But a court should at all times be clear in its authority. Without this, its judgments will lack conclusive effect—the indispensable part of a true administration of law. The decision of the question of a court's jurisdiction should therefore be as accurate as the exercise of power should be always rightful. We have considered the question here with a care not to assume an authority withheld by the statute, and with an equal care not to evade a jurisdiction which the statute has imposed.

In discussing what is "a case of boundary" in Cox v. Finks (91 Texas, 318), Judge Gaines, after directing attention to the test as held in Schley v. Blum (85 Texas, 551), that the right of the case must depend upon a question of boundary, followed the reference with this statement: "And we think we may here add to that holding by saying that the right of *the whole case* must so depend."

Steward v. Coleman County, 95 Texas, 445, was a suit upon a note given for land sold by Coleman County as a part of one of its leagues of school land, and to foreclose a vendor's lien upon the land. The defense was that the consideration for the note had failed in that the land was not a part of such league but was vacant land. The defense turned upon the true location of a line of the league. The jurisdiction of the Supreme Court was challenged in a motion to dismiss upon the ground that this made the suit "a case of boundary". It was held that a suit may involve a question of boundary without being "a case" of boundary, and as "the case", there, was one for the recovery of a debt and the foreclosure of a lien upon land, the jurisdiction of the Supreme Court under the statute clearly extended to it. This was announced in the opinion:

"The fact that, in order to determine its merits, a boundary must be located, does not change its character and make it wholly a case of boundary."

In Schiele v. Kimball, 113 Texas, 1, 194 S. W., 944, it was emphasized by the opinion that although the settlement of the dispute as to the location of the boundary line turned upon the issue of estoppel, "the location of the line was the dominating question of the *entire* case", and determined its character to be essentially one of boundary.

A proper test of the question as applied to the present case, it seems to us, is to consider whether a case of boundary would have been presented if the suit had been only for the recovery of the value of timber cut from the land—$110,000, as alleged in the plaintiff's petition. Manifestly, such an action would not have been a case of boundary, though, as in Steward v. Coleman County, it would have involved the issue of the location of a boundary line. The case in its true nature would have been simply one for damages based upon a trespass and conversion; of which, because of the amount in controversy, the jurisdiction of the Court of Civil Appeals would not have been final. The presence of a dispute as to the location of the boundary line as an element of the controversy would not have changed the character of the suit, though, if that issue were determined favorably to the defendants, it would conclude the suit. Steward v. Coleman County. There would have been presented a case involving an issue of boundary but not a case of boundary. Being a suit in damages for conversion, it could not be a boundary case.

The question then arising here is, what is the nature of the case presented where in one suit such an action is joined with one for the location of a boundary line? Is such a case any more a case of boundary than for conversion? Does it take its character purely from the boundary dispute? In determining its character will the action for conversion joined in it be ignored?

The true answer, we think, is that neither can nor should be ignored. The case is one of boundary and for conversion, combined. The whole case is constituted by both actions, and its character is necessarily that which both give to it. How, then, under this condition, is the question to be settled? It is settled by the rule announced in the foregoing decisions, the only rule capable of settling it, that is, unless the case is wholly one of boundary it is not a boundary case. The statute declares it is in "cases of boundary" that the decision of the Courts of Civil Appeals shall be final. It does not say cases of boundary which combine other independent actions. The statute can therefore only mean what these decisions have held it to mean— that for the case to be one of boundary it must be wholly, not only partly, a boundary case.

If the right of that part of the case comprised by the action for conversion depended wholly upon an adjudication of the location of the disputed boundary line, a different question would be presented. Ordinarily in actions of trespass to try title—a common form of action for the settlement of boundary disputes—there is a formal prayer for damages for the alleged wrongful trespass and possession. In such cases the adjudication of the title of itself determines the right to such damages. For this reason, combining a prayer for such damages in a trespass to try title action which, in truth, was but a boundary line dispute, would not render a case thus presented any the less a boundary case.

But, here, the right to damages for the alleged conversion of the timber did not depend wholly upon the location of the boundary line. An adjudication of the title to the disputed land favorably to the plaintiffs by a location of the line in accord with their contention, would not of itself determine their right to damages for conversion of the timber. Their right to the damages depended not only upon such a location of the line and consequent adjudication of the title, but upon the establishment of the conversion, as well. There could have been no recovery of the damages except as in an ordinary action for conversion and without the proof of every element common to such an action. Their suit as to the damages had, accordingly, all the nature of an independent action for conversion, and must have been of that nature to be efficacious for the plaintiffs' purpose. It necessarily deprived the case of the character of a purely boundary case.

To establish the conversion, the plaintiffs relied as to the quantity of timber converted solely upon the testimony of an interested witness. There was a general verdict for the defendants. With the testimony coming from an interested source, the jury had the right to entirely disregard it. Railway Company v. Runnels, 92 Texas, 307. The Court of Civil Appeals, therefore was not warranted in rendering against the defendants judgment for the damages in any amount. Notwithstanding its holding with respect to the location of the boundary line, it had no authority to deprive the defendants of a jury trial of this issue, an issue lying wholly without the dispute over the boundary line and in the case only because the action for conversion was combined in the suit. The defendants would have been entitled to invoke the jurisdiction of the Supreme Court for the correction of this error had the suit been confined to the action for damages. We do not think the court's jurisdiction is altered because of the joinder of that action with one for the determination of the location of a land line. The relation of this question to the case alone demonstrates that it cannot be properly regarded as one of boundary.