FIRST NATIONAL BANK IN DALLAS V. BUCK W. BROWN ET AL.

No. 5971. Decided October 18, 1932.
(53 S. W., 2d Series, 604.)

*Coke & Coke* and *B. O. Baker,* all of Dallas, for plaintiff in error.

*Henry P. Edwards, McBride, O'Donnell & Hamilton, W. H. Clark, Jr.,* all of Dallas, and *W. W. Mason,* of Mexia, and *Charles L. Black,* of Austin, for defendants in error.

On question of Supreme Court having no jurisdiction to review an appeal from an interlocutory order appointing a receiver. Leyhe v. McNamara, 243 S. W., 1074; Stuart v. Goodwin, 25 S. W. (2d) 166; Waters-Pierce Oil Co. v. State, 107 Texas, 1, 106 S. W., 327; 1 Freeman on Judgments, p. 66, sec. 40; East & West Texas Lumber Co. v. Williams, 71 Texas, 444; Lodge v. Twell, 135 U. S., 232.

*H. J. Cureton,* of Meridian, *Baker, Botts, Andrews & Wharton,* of Houston, *S. S. Searcy,* of San Antonio, *F. C. Dillard,* of Sherman, *Cox & Brown,* of Temple, and *G. R. Smith,* of McKinney, filed amicus curiae briefs.

Mr. Special Chief Justice HOWELL delivered the opinion of the court.

The opinion of the Court of Civil Appeals from whose judgment a writ of error was granted by this Court may be found in *34 S. W. (2d) pp. 412 to 419,* where the facts are fully reviewed.

After a most careful consideration of the jurisdictional questions raised by the defendants in error in support of their motion to dismiss the application of plaintiff in error, we have concluded that the Supreme Court is without jurisdiction to entertain the application for writ of error in this case.

Buck W. Brown sued the Investment Securities Company of Texas and the First National Bank in Dallas. He alleged that he was a bondholder of the Investment Securities Company

of Texas, that the company had defaulted in payment of interest on his bond and was insolvent, that the bank, acting under a certain trust indenture, held more than $1,000,000 of notes secured by liens for the protection of the Series A bondholders, of which plaintiff was one. He prayed for the appointment of a receiver, for judgment upon his debt alleged to be due him as a bondholder, and for foreclosure of his lien against the assets held in trust by the bank, "or in the alternative that his claim be established in this proceeding, and be, by appropriate order of this court, permitted to participate in the distribution of the funds and properties constituting such trust." Others intervened in the suit and prayed for similar relief as the plaintiff.

The trial court set a date for hearing on the plaintiff's plea for the appointment of a receiver. At the conclusion of this hearing the court found that the stipulation in the trust indenture giving the bank as trustee the exclusive power to enforce the security for the protection of the bondholders was "ineffective and void" and that necessity existed for the appointment of a receiver. He thereupon entered an order appointing a receiver to take over the Series A trust assets. The order contained the additional provision:

"It is further ordered that when such receiver shall have given bond and taken the oath as aforesaid, notice shall issue to the defendants, and each of them, restraining them from further proceeding under the terms of said trust indenture dated July 15, 1924, and executed by said defendants."

The court order did not adjudicate as to the claims of the plaintiff, Buck W. Brown, or those of the various interveners suing as bondholders for debt and foreclosure, etc. The bank perfected its appeal from said order within the time allowed by law for appeals from interlocutory orders. *Article 2250 of Revised Statute of 1925.* The Court of. Civil Appeals affirmed the action of the lower court.

The jurisdictional question is presented as to whether or not the order of the trial court was one of such finality as to permit this court to determine the issues raised in view of the provisions of *Article 1821, Texas Revised Statutes of 1925.* That article says:

"The judgments of the Courts of Civil Appeals shall be conclusive on the law and facts, nor shall a writ of error be allowed thereto from the Supreme Court in the following cases, to-wit: * * *

(6) In all appeals from interlocutory orders appointing re-

ceivers or trustees, or such other interlocutory appeals as may be allowed by law." (Subd. (5) in 1929 amendment).

Able counsel for the plaintiff in error bank and amici curiae contend forcefully that the order entered by the trial court is such a final judgment as to justify this court in taking jurisdiction. They cite the case of *Waters-Pierce Oil Co. v. State,* 107 Texas, 1, 106 S. W., 326, 212 U. S., 86, 112, decided by this court, and other cases to support their position.

In the Waters-Pierce Oil Co. case a final judgment had been entered for the State of Texas against the defendant Oil Company for $1,632,000 and its permit to do business in this State had been forfeited. Thereafter and during the same term of court the district judge appointed a receiver. This court in its opinion stated:

"It is also objected by the state's counsel that this court has no jurisdiction of this branch of the proceeding, because the order appointing the receiver is an interlocutory order, and this court has jurisdiction only of final judgments of the Court of Civil Appeals. If this be an interlocutory order, then the objection is well taken, for this court has no jurisdiction to review such an order of the district court and of the Court of Civil Appeals. Mr. Freeman defines an interlocutory judgment in the following language: 'An interlocutory decree is one made pending the cause and before the hearing on the merits.' *Freeman on Judgments, Section 29.* This definition has been approved by this court in the case of *Linn v. Arambould, 55 Texas, 611.* Mr. Freeman defines a final decree as folows: 'A final decree is one which disposes of the cause either by sending it out of the court before a hearing is had on the merits, or, after a hearing on the merits, decreeing either in favor of or against the prayer of the bill.' The order clearly comes within the definition of a final decree or order, for, so far as the defendant was concerned, it finally disposed of the matter then before the court, which was the appointment of a receiver to take the property into his custody as a consequence of the complete determination of the controversy."

As stated by the court in that case, there had been a "complete determination of the controversy." In the case at bar, however, no judgment has been entered for the plaintiff and interveners establishing their individual claims against the defendants, and there has not been a complete determination of the controversy. Only an interlocutory order appointing a receiver and enjoining the defendants from interfering with him

in performing his specified duties under Court order has been entered by the court.

Other cases cited by counsel hold that such court orders as those approving final reports of masters in chancery, receivers, or commissioners in a partition suit are final judgments for purposes of appeal. See *Keystone Pipe & Supply Co. v. Liberty Refining Co. et al., 260 S. W., 1018,* and cases therein cited. It is argued in connection with those cases that as between the bank and Buck W. Brown the order entered was final in that the provisions in the trust indenture giving exclusive control of the securities involved to the bank as trustee was found to be ineffective and void and that this was the only point at issue so far as the plaintiff in error bank is concerned. We do not believe that the cases cited are applicable to the facts involved in this cause. The order appointing a receiver necessarily involves a tentative finding by the court that the trust agreement did not give the bank exclusive control of those assets. Otherwise the court would have no reason to appoint a receiver. Such an express finding does not, in our opinion, render the order appointing a receiver a final judgment nor alter its legal effect in a manner to justify this court in taking jurisdiction in the face of the express provisions of *Article 1821,* supra.

■ Under these circumstances this court has no jurisdiction by the plain letter of the statute, and this is true even though, as indicated by counsel for plaintiff in error, the matter of entering a final judgment in the trial court might be a perfunctory one. Nor can this court be guided by a consideration of the importance of the case at hand because of vital questions raised or the large amounts involved, this being a case coming within a class over which, in its present status, this court is denied jurisdiction by statutory enactment regardless of the important issues at stake.

Having held that no final judgment has been entered but only an interlocutory receivership order, this court is not authorized to take jurisdiction under the provisions of *Article 1728 of the Revised Statutes of 1925,* which expressly restrict such jurisdiction to cases "when same have been brought to the Courts of Civil Appeals from final judgment of trial courts" and exclude cases involving alleged errors of substantive law whenever "the jurisdiction of the Court of Civil Appeals is made final by statute."

Authorities deemed in point are *Leyhe v. McNamara, 243 S. W., 1074; East and West Texas Lumber Company et al. v.*

*Williams et al., 71 Texas, 444; Lodge et al. v. Twell, 135 U. S., 232, 34 L. Ed., 153.*

The plaintiff in error contends that this is an appeal from an order granting an injunction and that this court has jurisdiction under *Article 4662 of the Revised Civil Statutes of 1925* and under the decision of this court in the case of *Houston Oil Co. of Texas v. Vilage Mills Co., 109 Texas, 169, 202 S. W., 725,* which holds that the Supreme Court has jurisdiction to grant writs of error in appeals from interlocutory orders granting injunctions.

■ The plaintiff in the trial court prayed for the appointment of a receiver as well as for a judgment of debt and foreclosure, but he did not pray for an injunction. The court appointed a receiver and restrained the defendants from proceeding in conflict with the receiver. Did such a restraining clause change the character of the interlocutory order from one of receivership to one of injunction? We must look to the main character of the proceeding. Maxfield v. Sterling, 110 Texas, 212, 217 S. W., 937. To uphold the jurisdiction of this court by answering this question in the affirmative would be to render virtually meaningless the statute excluding jurisdiction of this court in all appeals from interlocutory orders appointing receivers. The appointment of a receiver implies the exercise of exclusive control over the receivership property by the court. To that end an order appointing a receiver is injunctive in nature as against those who might interfere, with the control of the receivership property. It follows that the inclusion in the order of the restraining clause in question was an incident to the receivership order, such a clause being ancillary to and essentially a part of the interlocutory order appointing the receiver, and that by reason of such restraining clause this court is not given jurisdiction. *23 Ruling Case Law, page 46; Treat v. Pennsylvania Mutual Life Ins. Co., 199 Pa., 326, 49 Atlantic, 84.*

The petition for writ of error is, therefore, dismissed.