**CHANOUX et ux. v. TITLE INS. CO.**

No. 4946.

Court of Civil Appeals of Texas. El Paso.

May 6, 1953.

Rehearing Denied June 3, 1953.

Richard C. White, El Paso, for appellants.

Burges, Scott, Rasberry & Hulse, William F. Smith, Andress, Lipscomb & Peticolas, El Paso, for appellee.

McGILL, Justice.

Appellants brought this suit to recover from appellee attorney's fees and other necessary expenses incurred by them in defending a suit brought against them by Mesa Corporation, which reached this court and in which appellants prevailed, and the Supreme Court refused a writ of error. See Chanoux v. Mesa Corporation, Tex.Civ.App., 241 S.W.2d 741. The nature of this suit is fully stated in the opinion of this court. The present suit is based on a title insurance policy issued by appellee to appellants, the assured, by which appellee guaranteed to appellants that they had

> "an indefeasible title to Lot 12, Block 5 of the Terry Allen Addition of the City of El Paso, El Paso County, Texas, according to the map and plat thereof on file in the front of Book 573 of the Deed Records of El Paso County, Texas."

subject among other exceptions to

> "any discrepancies in area and boundaries which a correct survey would show."

The policy also provided that the company (appellee)

> "shall at its own cost defend said assured. in every suit or proceeding on any claim against or right to said land or any part thereof adverse to the title hereby guaranteed, provided the party or parties entitled to such defense shall within a reasonable time after the commencement of such suit or proceeding, and in ample time for defense

therein, give said company written notice of the pendency of the suit or proceeding, and authority to defend, and said company shall not be liable until such adverse claim or right shall have been held valid by a court of last resort to which either litigant may apply, and if such adverse claim or right so established shall be for less than the whole of the property, then the liability of the company shall be only such part of the whole liability limited above as shall bear the same ratio to the whole liability that the adverse claim or right established may bear to the whole property."

The parties stipulated that appellants gave appellee proper notice that a suit had been instituted against them and appellee refused to defend such suit. Trial was to the court without a jury and judgment rendered that appellants take nothing.

The court filed elaborate findings of fact and conclusions of law. The real basis for the judgment is found in conclusion of law III:

"III. The suit brought against plaintiffs by the Mesa Corporation was not adverse to the title guaranteed by defendant since it was one to establish the disputed boundary line between Lots 12 and 13, the existence of which dispute would have been discoverable by a correct survey at the time defendant issued its policy had such a survey been then made."

We fail to see that the suit of Chanoux v. Mesa Corporation involved any question of a discrepancy in area or boundary of Lot 12 as described in appellant's deed and in the title policy. In that suit, as is apparent from the opinion, the contention of the Mesa Corporation was that it had not conveyed a portion of Lot 12, all of which was described in its deed to Chanoux, because of a mutual mistake. It was not contended that the true boundary of Lot 12 was different than the corrected survey of Coldwell showed, or that its area was less than the area described in the deed of Mesa Corporation and in the map and plat on file in the front of Book 573 of the Deed Records of El Paso County. The title to a por-

tion of the property guaranteed by appellee was directly attacked in that suit. It was attacked on the ground that a portion of the property should be eliminated from the description in the deed because the parties never intended that it should be conveyed by the deed. The language of the policy above quoted that the company would defend "said assured in every suit or proceeding or any claim against or right to said land or any part thereof" could hardly have more clearly stated the company's obligation to defend appellants in the suit brought against them by Mesa Corporation.

As we understand appellee's contention, it is that because the parties both thought that the true boundary between Lots 12 and 13 was that on which the stone wall had been located, when the Chanoux purchased Lot 12 there was a discrepancy in boundary which a correct survey would have shown. There may have been a dispute or controversy as to the true boundary between Lots 12 and 13, but a correct survey at the time the policy was issued would have shown the true boundary of Lot 12 as reflected by the deed and title policy to be exactly where it is and has always been. True, it would have shown that the garage and improvements which the parties thought were on Lot 13 were in fact on Lot 12, but this would not have shown any discrepancy in the boundary or area of Lot 12 as described in appellant's deed and policy. The policy did not have any exception in the case of a dispute or controversy as to boundary or area.

The parties have cited very little authority and we think those they have cited throw little light on the question involved. However, we think the following cases do throw some light on the question.

In the leading case of Cox v. Finks, 91 Tex. 318, 320, 43 S.W. 1, 2, which has been many times cited and never questioned, Chief Justice Gaines had the question of whether a suit was "a case of boundary" in which the jurisdiction of the Court of Civil Appeals was final under Art. 996, R.C.S. 1895, Vernon's Ann.Civ.St. arts. 1819–1821. He said:

"Every action to try title to land may involve a question of boundary, but our

view has been that this did not of itself make a boundary case. It was held, in effect in Schley v. Blum, 85 Tex. 551, 22 S.W. 667, that the right of the case must depend upon a question of boundary, and we think we may here add to that holding by saying that the right of the whole case must so depend. So, also, the case cited is very distinct authority for the proposition that it is not necessary, in order to make a boundary suit, that the action should be brought avowedly to settle the true location of the dividing line between two contiguous surveys. It seems to us that the decision of the question whether a suit is or is not one of boundary merely depends upon the answer to the further question, if there had been no question of boundary, would there have been any case? If so, it is not a boundary case. If not, it is a case of boundary pure and simple. There may be a question of boundary as to two grants, one owned by one party to the suit and the other claimed by both. A suit by one to try the title to the survey in controversy may involve a question as to the boundary between that and the other. This would not, in our opinion, be a boundary case within the meaning of the statute. So, on the other hand, a question as to the location of a boundary line may be the ground of the litigation, and yet questions of title become involved. This may be true in every action to settle a controversy as to the dividing line between two adjacent surveys."

In Stewart v. Coleman County, 95 Tex. 445, 67 S.W. 1016, Cox v. Finks was cited with the comment that a case may involve a question of boundary without being a case of boundary within the meaning of the statute. That was a suit upon a note and to foreclose a vendor's lien. The defense was that there was a failure of consideration because the land for which the note was given was not as supposed by both parties included in the county's league, but was vacant land. The court held that the case was not a case of boundary under the statute and that although in order to determine its merits a boundary had to be located, this did not change its character. We think the facts in the present case are very analogous to those in Steward v. Coleman County. In West Lumber Co. v. Goodrich, 113 Tex. 14, 223 S.W. 183, both Cox v. Finks and Steward v. Coleman County were cited by Chief Justice Phillips with approval, and it was held that the case was not a boundary case within the meaning of the statute. In that case the plaintiff sued in trespass to try title for the recovery of four leagues of land, and for the value of timber cut by the defendant on a portion thereof. Although the parties agreed that it was a boundary case, the Supreme Court held otherwise; that the case was one of boundary and for conversion and did not depend solely upon the location of the correct boundary line, that although plaintiff's right to recover depended upon the location of the boundary line it also involved the question of conversion. In the present case it is apparent from a mere reading of the opinion in Chanoux v. Mesa Corporation, supra, that the right of Mesa Corporation to recover in that case did not depend wholly upon an adjudication of the correct boundary line between Lots 12 and 13; in fact the gravamen of the suit had nothing to do with the correct boundary line. It was a suit for reformation of the deed to the Chanoux, on the ground of mutual mistake. The fact that an adjudication of this controversy favorable to the Mesa Corporation would have changed the correct boundary line, as reflected by the Mesa Corporation's deed to Lot 12, did not change the character of the suit to a boundary case under the decisions above cited. We think these cases do have some bearing on the question here involved and that the court erred in rendering judgment that appellants take nothing. The judgment is reversed and the cause remanded.

Reversed and remanded.